### RIDGWAY v. SYMONS.

(Supreme Court, Appellate Division. First Department. April 24, 1896.)

1. INSOLVENT CORPORATION—DUTY OF OFFICERS—PREFERENCE.

No duty rests on the officers of an insolvent corporation to defend an action brought against it by a creditor, to which there is no valid defense, for the purpose of preventing such creditor from obtaining a preference; and a failure to defend will not render the judgment in such action impeachable as an illegal preference.

2. SAME—RECEIVER—SETTING ASIDE ORDER OF COURT.

In proceedings for the appointment of a receiver of an insolvent corporation, where a judgment under which a levy has been made on the property of the corporation is made, by order of the court, a preferred claim, to be first paid by the receiver, such order cannot be annulled in a separate action brought by the receiver to set aside the judgment.

Appeal from special term, New York county.

Action by James Ridgway, as receiver of Charles Casper & Co., a corporation, against Samuel Symons, as receiver of the firm of Robinson & Symons. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Gilbert R. Hawes, for appellant.

H. M. Goldfogle, for respondent.

VAN BRUNT, P. J. This action was commenced by the plaintiff, as receiver of the property and assets of Charles Casper & Co., a corporation, against Samuel Symons, as receiver of the assets of the co-partnership of Robinson & Symons, to set aside certain judgments obtained in an action brought by the defendant against the corporation of Casper & Co. on the 19th of January, 1895, in which judgment was entered on the 18th of March, 1895, by default, and an order was entered on the 1st of April, 1895, whereby it was ordered that the levy made upon the property of Casper & Co. upon the execution issued upon said judgment should be released upon condition that the property of the defendant be sold by the receiver of the defendant in that action, who had been subsequently appointed, and the proceeds of such sale be applied towards the payment of the judgment recovered by the plaintiff. The complaint in this action, after setting up the appointment of the plaintiff as permanent receiver of the corporation of Casper & Co., and his qualification as such receiver, and the entry of an order authorizing and empowering this action to be brought, alleged the appointment of the defendant, Symons, as receiver of the firm of Robinson & Symons; the insolvency of the corporation of Casper & Co., and that such insolvency was known to the officers and directors of the company, including one Robinson, its president, and one Stodola, its secretary and treasurer; the commencement of an action by the defendant on the 19th of March, 1895 (January probably being meant), in the city court of New York, against said corporation of Casper & Co., by the service upon its president, Robinson, of a summons and complaint, which resulted in a judgment on the 18th of March, 1895, by default; the issue of execution, and the levy of such execution upon the property of the corporation; the due entry of the order of April 1, 1895, above referred to; the payment by the temporary receiver on the 14th of May, 1895, of $100, on account of said judgment, to the defendant; the payment to the defendant of $50 after the commencement of said action, and of the further sum of $588.33 after knowledge by its officers of its insolvency, and after knowledge

on the part of said Robinson & Symons thereof. The complaint further alleged that the said judgment was made and entered while said corporation of Casper & Co. was wholly insolvent, and known so to be by the officers thereof and by said receiver, Symons, and that said action was commenced, and judgment allowed to be entered by default, in contemplation of such insolvency, and was made and suffered for the purpose of defrauding the creditors of said corporation other than said Robinson & Symons, and said acts were performed, and payments made, with the intention of giving a preference to the defendant in this action over the other creditors of said corporation, by transferring to such defendant the property of said corporation, contrary to the statute in such case made and provided, and that the said execution so issued and levied, and the stipulation on which the order was entered, and the payment of $100 by the receiver, were all contrary to the statute in such case made and provided, and were wholly void and without effect. The defendant answered, denying knowledge of the insolvency of Casper & Co., admitting the commencement of the suit and the entry of the judgment, and alleging that the debt upon which the judgment was obtained was a bona fide debt, and setting up other facts not necessary to notice here. The plaintiff replied to such answer, putting in issue most of the allegations thereof. The issues thus raised coming on for trial, the complaint was amended by setting up the additional fact that the corporation had refused to pay certain of its notes or other obligations when due, prior to the suffering of the judgment set out in the complaint. The parties having conceded most of the facts hereinabove stated, the order of April 1, 1895, directing the payment of the judgment out of the proceeds of the sale of the property of Casper & Co., was offered in evidence, and also the stipulation therein referred to, and the articles of incorporation of Casper & Co., and the order of June 4, 1895, appointing the plaintiff as permanent receiver of Casper & Co., by which it was adjudged that the defendant, by virtue of the judgment above mentioned, had a first lien upon all the money and assets of said Casper & Co., which lien was to be satisfied and paid in full before payment of any other creditors of said corporation, and said judgment was to have precedence over any other payment on any indebtedness due from said corporation; especially, over any and all fees, costs, and commissions applicable to the receivership. The court having suggested that it did not think the plaintiff could maintain this action without a general motion setting aside all of those prior orders, and restoring the defendant, as near as possible, to the state he was in when the stipulation was made, the plaintiff offered to make proof of the matters set forth in the complaint. The defendant objected, upon the theory that, upon the state of facts as alleged, the plaintiff could not recover. The court sustained this objection, and, upon motion of defendant's counsel, dismissed the complaint, upon the ground that the facts proved, and those offered to be proved, did not constitute a cause of action. And from the judgment thereupon entered this appeal is taken; it being claimed upon

the part of the appellant that, the court then having jurisdiction, not only could it declare the judgment fraudulent and void, but it also had power to vacate the order of May 1, 1895 (probably meaning April), as improvidently and improperly made, all of which was prayed for in the complaint.

We do not think that this contention upon the part of the plaintiff is well founded. The court, in making the orders in question, had jurisdiction of the parties, and the right to make the same, and there were no facts whatever alleged in the complaint tending in any manner to impeach such jurisdiction. By the very order under which the plaintiff in this action was appointed receiver, it was declared that the judgment in question should be the first lien upon the assets which should come into his hands. ' This order has in no respect been modified, nor is it attempted, in this action, to set the same aside. There is a general allegation contained in the complaint that these acts and things were done for the purpose of defrauding the creditors of the corporation. But there is no statement that anything was done by the officers of the corporation except to suffer the judgment above mentioned, and it is difficult to see upon what theory the officers of a corporation can put in an answer in an action brought against the corporation upon a debt which is confessedly due, even if such corporation should happen to be insolvent. No such duty is imposed upon the officers of a corporation. In the case of Varnum v. Hart, 119 N. Y. 101, 23 N. E. 183, it was held that the statute under which this action is brought does not impose upon the officers of an insolvent corporation the duty to take measures to procure a disposition of its property, without preference, among all its creditors. It is further stated in that case that, while the purpose of the statute was to prevent unjust discrimination, this was sought to be accomplished, not by securing affirmative action, but by restraint upon the action of the corporation and its officers, leaving the property to be taken and disposed of by due course of law, and that the corporation might, like an insolvent person, permit the creditors to take hostile proceedings, and allow those to obtain a preference who were most vigilant; this does not constitute an assignment or transfer on its part; and that an insolvent corporation is not obliged to defend any suit brought against it for a valid debt, against which there is no valid legal defense, for the sole purpose of defeating a preference, but that it may suffer default, and thus allow a preference. Upon a consideration of the case cited, it will be seen that upon the facts alleged, if the plaintiff would be permitted in this action to attempt to attack the orders and judgment above mentioned, no right to a recovery is shown. We are also of the opinion that the court was correct in holding that the judgment and orders could not be assailed as was attempted to be done in the case at bar.

The judgment should be affirmed, with costs. All concur.