(22 Misc. Rep. 661.)

### ROSSMAN et al. v. SEAVER et al.

(Supreme Court, Special Term, New York County.   February, 1898.)

1. CORPORATIONS—INSOLVENCY—PREFERENCES—JUDGMENTS.

Under Laws 1892, c. 688, § 48, prohibiting the suffering of a judgment by an insolvent corporation with preferential intent, judgments obtained against an insolvent corporation by the aid of its president by splitting up a large note into smaller ones, so that judgments might be obtained upon them in another court on shorter notice, and keeping the service of summons secret, and the holding off of proceedings for the appointment of a receiver, are illegal, irrespective of whether at a later period the creditor could have obtained his judgments.

2. RECEIVERS—SALE—PRIORITY OF LIENS.

An order for the sale of property of an insolvent corporation in the hands of a receiver does not validate judgments and executions against property, which, except for its making, would be invalid.

Action by Robert Rossman and others against Lewis M. Seaver and others to set aside judgments and executions obtained against a corporation.   Judgment for plaintiffs.

Charles E. Rushmore, for plaintiffs.
Abram Kling, for defendants.

RUSSELL, J.   The proof makes the presumption clear that Charles E. Ensign, the president of the insolvent corporation, Kirtland, Andrews & Co., favored the preference of the indebtedness against the company held by his cousin, Herman L. Ensign, to the amount of $6,200, and interest.   This president took some action towards the transfer of securities, but abandoned the effort on account of its probable invalidity.   He caused the note of $5,000 to be split up into smaller ones, so that they and the $1,200 note might be sued in the city court of New York, being thus brought within its jurisdiction. He kept secret the service of the summons, so far as he was able, and so leisurely made preparations for insolvent proceedings against the company that judgments were obtained and levies made before this court obtained jurisdiction of proceedings instituted for the equal benefit of all creditors.   He thus had the reasonable right to infer that the creditor, assisted by his own action, would take such effective means as lay within his power to secure a preference by legal proceedings.   Among those effective means adopted by the creditor was the transfer of the notes to a business associate in the state of New Jersey for the purpose of procuring two days' summonses in the city court, and thus avoiding all the delay possible.   The consenting action of the president of the company, therefore, lay in the direction of conveniently splitting up the securities so that the creditor might, if he chose, obtain a speedier judgment than otherwise, by keeping silent as to the service of the summonses, and refraining from putting the company into the hands of a receiver until after the judgments were obtained.   As a matter of course, the creditor holding the original paper, which was overdue, had the right to proceed in the supreme court, and obtain a judgment in 21 days, for there was no defense to the claim; and it would have been a misuse of legal proceedings to have interposed any answer, or to have obtained delay by extension

of time to answer on the plea of a defense which did not exist. It must always be remembered, in passing upon the statute (Laws 1892, c. 688, § 48) which forbids transfers or judgments in view of insolvency by a corporation, that there is a wide difference between the transfers referred to in that section and the suffering of a judgment. No creditor can compel a transfer by way of preferential security or lien. He can compel the rendition of a judgment upon a claim which is without defense. The security or lien cannot be received by the creditor without the action of the debtor. The judgment can be obtained without it. Where an offer of judgment is made, or one confessed, the intent to prefer, as well as the sufferance of the judgment, are manifest; and a conclusion not entirely superficial might be drawn that the activity on the part of the president of the corporation, which hastened the period within which the creditor could get judgment, might, for the purpose of preferential intent, be equivalent in substantial effect to an offer of judgment itself, unless grave authority to which we must defer has decided otherwise. In French v. Andrews, 145 N. Y. 441, 40 N. E. 214, the court of appeals held that the splitting up of a claim of $10,096.19, a part of which was not due, into 11 notes, so that actions might be begun in the municipal court of Rochester, and judgments be obtained by default in six days, was not a violation of the section, as adopted in 1890, which referred only to transfers or assignments, and did not inhibit the sufferance of a judgment. That case also reiterated the doctrine of Varnum v. Hart, 119 N. Y. 101, 23 N. E. 183, which held that silence, after the service of the summons, was not, in effect, a preferential assignment or transfer by the officers. This case is relied upon by the counsel for the defendants as conclusive; but it is easy to see that, within the terms of the law as it then existed, the obtaining of a judgment was not, and could not have been, an offense against a statute which prohibited an assignment or transfer. And Judge Peckham, in his opinion, notes the change by the amendment of 1892, with a suggestion which seems to carry the inference that if the statute then under contemplation had prohibited the suffering of a judgment, the decision of the court of appeals would have been different. It is very certain that the preference obtained by the judgment creditor through his execution liens would not have been obtained as early as it was without the active aid of the president of the insolvent corporation. He helped on a speedy recovery with the intent of preference, and held off proceedings which would have brought equal division without preference. If this is not suffering judgments with preferential intent, irrespective of the question as to whether at a later period the creditor could have obtained his judgments or not, the statute is meaningless, and entirely ineffective. Olney v. Baird, 7 App. Div. 95, 40 N. Y. Supp. 202. The case of Ridgway v. Symons, 4 App. Div. 98, 38 N. Y. Supp. 895, is not authority for the defense that the plaintiffs are bound by the order directing the receiver to sell and convert the property into cash, which would be subject to the liens of the executions. In that case the executions were released upon the condition that the receiver should sell and pay those executions, and such an order was made upon a motion in which all parties interested were represented. Here the

order of sale leaves the lien of the excutions as they were, valid or invalid, affecting only a change of the thing upon which they might be liens. That order does not render valid judgments and executions which, but for its making, would be invalid. Let judgment be entered vacating the judgments and executions, turning over the property to the receivers, requiring Herman L. Ensign and Lewis N. Seaver to account for all moneys coming to their hands through said judgments and executions, with costs to the plaintiffs against Seaver and Herman L. Ensign.

Ordered accordingly.