SAMUEL W. MILBANK, as Receiver of the A. DE RIESTHAL COMPANY, Appellant, *v.* HELENE DE RIESTHAL and Another, Respondents, Impleaded with Others.

*Effect of section* 48 *of chapter* 688 *of the Laws of* 1892 — *preferences by an insolvent corporation* — *suffering judgment to be taken against it with an intent to give a preference* — *promissory note of a corporation, valid, though not signed as required by its by-laws* — *evidence of intent to prefer, sufficient to invalidate a judgment.*

The first portion of section 48 of chapter 688 of the Laws of 1892 absolutely prohibits the transfer of any corporate property to an officer, director or stockholder of a corporation, which shall have refused to pay any of its obligations when due, upon any other consideration than the full value of the property paid in cash. This portion of the section has for its object the prevention of preferences to a particular creditor or creditors over other creditors of a corporation, which is either insolvent or the insolvency of which is imminent. It does not

declare invalid all transfers of property or payments made to creditors of an insolvent corporation, but only such as are made with the intent of giving a preference to certain creditors over others.

While such statute seeks to accomplish the end aimed at by imposing a restraint upon the action of the corporation, its officers, directors and stockholders, nevertheless the consequences of action on their part, in contravention of the statute, is visited upon the creditor whose preference is attempted by them.

The statute, however, does not attempt to restrain creditors of a corporation from pursuing the remedies which the law affords to procure satisfaction of their claims. The vigilant creditor is not threatened by it with certain loss of the expense of legal proceedings, if at the time of the entry of judgment the debtor corporation should be insolvent, or its insolvency imminent. He is not required to determine at his peril the question of the insolvency or threatened insolvency of the debtor corporation before commencing legal proceedings or entering the judgment in which they may result.

When an act is done by an individual, the consequences of which are known beforehand, such person will be held, by such act, to have intended the accomplishment of such consequences.

Where certain promissory notes were executed by the officers of a corporation, who had been accustomed to sign its notes, namely, its president and treasurer, and the money procured thereon was borrowed for the corporation by its president, went into its treasury and was used for its benefit, such notes are valid and enforcible against the corporation, although the by-laws of the corporation provided that they should be signed by the secretary thereof.

It is sufficient to invalidate a judgment recovered by a creditor against a corporation, if the corporation suffers it to be taken with the intent of giving a preference to such creditor.

The mere fact that the officers of the corporation do not oppose a creditor in his effort to get a judgment against the corporation, where there exists no defense to the action, but remain passive, is not alone sufficient to create the inference that the judgment was suffered with the intent of giving such creditor a preference. But the inference may arise from evidence of an affirmative character, tending to show the existence of such a desire on the part of the officers of the corporation, having knowledge of its situation. Such evidence may consist of acts done or words spoken by the officers of the corporation, under such circumstances as to manifest a wish or plan to create a preference in behalf of the prosecuting creditor.

A conversation had by a witness with the president of the corporation, in the absence of the judgment creditor, wherein it appeared that the president was attempting to secure a settlement of the business affairs of the corporation with its creditors on a basis which would secure to the judgment creditor a preference, is admissible in evidence to show such desire, wish or plan on the part of the corporation and its officers.

APPEAL by the plaintiff, Samuel W. Milbank, as receiver of the A. de Riesthal Company, from a judgment of the Supreme Court in

favor of the defendants, entered in the office of the clerk of the county of New York on the 21st day of May, 1894, upon the decision of the court rendered after a trial at the New York Special Term, dismissing the plaintiff's complaint upon the merits.

*George Putnam Smith*, for the appellant.

*Chauncey S. Truax* and *Herbert G. Hull*, for the respondents.

PARKER, J.:

The object of this suit was to obtain a judgment declaring void certain judgments obtained by the defendants, Helene de Riesthal and William C. Bowers, against a corporation known as the A. de Riesthal Company, of which the plaintiff Milbank is now the receiver.

The ground upon which the complaint predicated the plaintiff's demand for relief was that such judgments were invalid because in contravention of section 48 of chapter 688 of the Laws of 1892, known as the Stock Corporation Law.

June 1, 1893, the defendant Bowers loaned the A. de Riesthal Company $3,000, receiving therefor a promissory note payable on demand. Subsequently payment was demanded and refused, and immediately thereafter an action was commenced to recover on the note, to which the defendant did not interpose an answer, and in due course, and on September 1, 1893, judgment was entered in favor of the plaintiff for the amount due, with costs. On the same day the defendant Helene de Riesthal entered judgment against the corporation in an action brought on two promissory notes, the principal sum of which aggregated $8,000. That she had advanced such sum to the corporation, and taken its demand notes therefor, is not disputed. As in Bowers' case, the judgment thus entered was in an action commenced by the service of a summons, of which the corporation took no notice. So far as the record discloses, the officers of the corporation were passive.

The trial court found as a fact " That neither the said defendant corporation, The A. de Riesthal Company, nor any of its officers or directors, did or performed any act or thing to aid or assist the said defendants, Helene de Riesthal and William C. Bowers, in obtaining their respective judgments against the defendant corporation."

The first question is, whether these judgments are condemned by section 48 of the Stock Corporation Law. That portion of it which is pertinent to the present inquiry reads : " No conveyance, assignment or transfer of any property of any such corporation, by it or by any officer, director or stockholder thereof, nor any payment made, judgment suffered, lien created or security given by it or by any officer, director or stockholder when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation, shall be valid."

Our attention has not been called to any case arising since the passage of the act in which this question has been brought to the attention of the court.

The first part of section 48 absolutely prohibits the transfer of any corporate property to an officer, director or stockholder of a corporation, which shall have refused to pay any of its obligations when due, upon any other consideration than the full value of the property paid in cash. But that portion of the section which we have quoted has for its object the prevention of preferences to a particular creditor or creditors over other creditors of a corporation which is either insolvent or its insolvency is imminent. It does not declare invalid all transfers of property or payments made to creditors of an insolvent corporation, but only such as are made with the intent of giving a preference to the creditor over other creditors.

While the statute seeks to accomplish the end aimed at by restraint upon the action of the corporation, its officers, directors and stockholders, nevertheless the consequences of action on their part in contravention of the statute, is visited upon the creditor whose preference is attempted by them. But it does not attempt to restrain creditors from pursuing the remedies which the law affords to procure satisfaction of their claims. The vigilant creditor is not threatened by it with the certain loss of the expense of legal proceedings if at the time of the entry of judgment the debtor corporation should be insolvent or its insolvency imminent. He is not required to determine at his peril the question of the insolvency or threatened insolvency of the debtor corporation before commencing legal proceedings or entering the judgment in which they shall result.

And while the restraint of the statute is put upon the corporation, its officers and stockholders, allowance is made for the fact that corporations apparently insolvent are occasionally saved by care and prudence in the management of their affairs, and that frequently insolvency is not expected by its officers, but is suddenly brought about by some unexpected loss; hence, the further condition, that the acts described in the section must have been done with the intent to prefer the creditor affected in order to render them void.

This corporation was insolvent on the 1st day of September, 1893, when the judgments of these defendants against it were entered.

If at about that time the corporation had transferred to such creditors certain of its property in payment of their claims, the general legal proposition, that when a positive act is done, the consequences of which are known beforehand, the party will be held to have intended those consequences, would undoubtedly support the inference that the transfer was for the purpose of giving such creditor a preference over other creditors.

But where the corporation sued has no defense, affords its creditor no assistance and interposes no hindrance, taking no action whatever in the premises, can it be held that the entry of the judgment permits the inference that the "judgment suffered" was with the intent of giving a preference to such judgment creditor? We think not, and this position is supported by a carefully considered opinion delivered by Mr. Justice MILLER in *Wilson* v. *City Bank* (17 Wall. 473). From this opinion we quote: "The creditor sued them and recovered judgment, and levied execution on their property. They afforded him no facilities to do this, and they interposed no hindrance.  *  *  *  There is nothing morally wrong in their course in this matter. They were sued for a just debt. They had no defense to it and they made none. To have made an effort by dilatory or false pleas to delay a judgment in the State court would have been a moral wrong and a fraud upon the due administration of the law. There was no obligation on them to do this, either in law or in ethics. ·*  *  *  It is also argued that inasmuch as to lay (lie) by and permit one creditor to obtain judgment and levy on property necessarily gives that creditor a preference, the debtor must be supposed to intend that which he knows will follow. The general legal proposition is true, that where a person does a positive

act, the consequences of which he knows beforehand, that he must be held to intend those consequences. But it cannot be inferred that a man intends, in the sense of desiring, promoting or procuring it, a result of other persons' acts when he contributes nothing to their success or completion, and is under no legal or moral obligation to hinder or prevent them." In *Nat. Bank* v. *Warren* (6 Otto, 539–541) the court said : " This action goes upon the theory that the mere non-resistance of a debtor to judicial proceedings against him when the debt is due, and there is no valid defense to it, is the suffering and giving a preference under the Bankrupt Act. This theory is expressly repudiated in the case of *Wilson* v. *City Bank* (17 Wall. 473)."

Other evidence was necessary to require of the trial court the inference essential to support a judgment in favor of the plaintiff.

No evidence was received by the court tending to show the existence of a desire to prefer the defendant creditors, aside from the fact that the officers of the corporation remained entirely passive touching the efforts of Bowers and Helene de Riesthal to obtain judgments for the several amounts due them, unless the plaintiff's position be well taken, that the corporation had a legal defense to the notes held by them. The appellant insists that the corporation could have successfully defended the actions, on the ground that the notes which were given at the time the loans were made were not signed by the secretary, as required by the by-laws of the corporation.

The by-laws do seem to provide that the secretary shall sign all notes and other obligations of the company.

It is quite evident, however, that this was a mistake of the scrivener who copied the by-laws into the minute book.

Article 3 of the by-laws relates to the duties of the officers of the corporation. Section 1 to those of the president; section 2 to those of the vice-president ; section 3 to those of the treasurer, and section 4 to those of the secretary. In section 3, relating to the duties of the treasurer, may be found the following : " The treasurer shall present his financial statement at each annual meeting, and also whenever directed by the president or by the board of directors. The *secretary* shall also sign all certificates of stock, and all notes and other obligations of the company."

It would seem that the word secretary must have been inadvertently used, instead of the word treasurer, to the duties of whom that section relates. But, assuming that the by-laws made it the duty of the secretary to sign all notes and obligations of the corporation, we are nevertheless of the opinion that the corporation had no defense. The notes were executed by the officers of the corporation who had been accustomed to sign its notes, to wit, the president and treasurer.

The money was borrowed for the corporation by its president; it went into its treasury, and was used for its benefit. (*Kraft* v. *Freeman P. & P. Assn.*, 87 N. Y. 628; *Smith* v. *Martin Anti-Fire Car-Heater Co.*, 47 N. Y. St. Repr. 26; *Bank of Attica* v. *Pottier & Stymus Mfg. Co.*, 17 id. 327; *Second Nat. Bank* v. *P. & S. Mfg. Co.*, 18 id. 954; *Chemical Nat. Bank* v. *Colwell*, 29 id. 726.)

Now, while the evidence justifies the decision of the trial court, we still think the judgment must be reversed, because of the refusal of the court to admit testimony offered for the purpose of showing the existence of a desire on the part of certain officers of the corporation to prefer these defendants. We find from the record that in a number of instances the plaintiff attempted to introduce testimony tending in that direction. This testimony consisted in part of conversations had between the witness and the president and vice-president of the corporation after the summons in each of the actions had been served, but before the entry of the judgments. At these interviews the fact that the summons had been served was discussed, and the plaintiff offered to show that at one of them the president of the corporation, who was the husband of one of the judgment creditors, in the presence of his counsel and the witness and the counsel for the witness, produced a paper writing which the witness was requested to sign, which purported to secure a preference for Mrs. de Riesthal; that the paper related to the settlement of the business of the A. de Riesthal Company, and contained a condition that Mrs. de Riesthal should be preferred for $6,000.

As the president then had in his possession a summons, which had been served upon the proper officer of the corporation, in an action to recover $8,000 brought by Mrs. de Riesthal, the fact, if fact it was, that the president of the corporation was attempting to secure a settlement of the business affairs of the corporation with the

creditors on a basis which should secure to her a preference of $6,000, would seem to furnish some evidence, at least, that certain of the officers of the corporation desired to prefer Mrs. de Riesthal.

Objection was made to the admission of this testimony on the ground that the defendants, Bowers and Mrs. de Riesthal, were not present at such interviews. On this ground the evidence was excluded. Evidence of a like character, and tending in the same direction, was frequently brought to the attention of the court, but it was all excluded on the same ground.

We need not refer to it, as that to which we have already alluded is sufficient to present the question.

If it were necessary, in order to support a judgment invalidating a judgment suffered by an insolvent corporation to be taken against it by default, that a conspiracy should be proved to have existed between the creditors and the officers of the corporation, there would be force in the objection made by the counsel for the defendants on the trial, but as we read the statute it is sufficient to invalidate the judgment if the corporation suffered it to be taken with the intent of giving preference to such creditor. The mere fact that the officers of the corporation do not oppose the creditor in his effort to get the judgment, but remain passive, is not alone sufficient to require the inference that the judgment was suffered with the intent of giving such creditor a preference. But the inference may be supported on additional evidence of an affirmative character, tending to show the existence of such a desire on the part of the officers of the corporation having knowledge of the situation. Evidence tending to prove such a desire on the part of the officers may consist of acts done, or words spoken under such circumstances as manifest a wish or plan to effectuate a preference in behalf of the prosecuting creditor. Of such a character was the evidence rejected by the court, and the exception taken to its exclusion calls for a reversal of the judgment.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment reversed, new trial granted, costs to appellant to abide event.