PORTER M. FRENCH, as Receiver, etc., Appellant, *v.* EZRA R. ANDREWS, Respondent.

Where the officers of a corporation have merely permitted one of its creditors to obtain judgment against it in the regular course of legal proceedings, this is not a transfer or assignment of its property within the meaning of the provision of the "Stock Corporation Act" of 1890 (§ 48, chap. 564, Laws of 1890), which prohibits a corporation, that has refused to pay any of its obligations when due, or any of its officers, from making any such transfer or assignment to any person in contemplation of its insolvency.

On September 10, 1891, the J. V. S. Co., a manufacturing corporation, was indebted to defendant in the sum of $10,976.19; a portion of the indebtedness was represented by notes not then due; the balance was upon account. On that day the defendant surrendered the notes and received for the whole indebtedness ten notes of $1,000 each, and another for the balance, all payable on demand. These notes were thus given in order that defendant might immediately bring suit on each of them in the Municipal Court of Rochester, wherein judgment could be obtained by default in six days, and the jurisdiction of which is limited to $1,000. Both the treasurer of the company, who gave the notes, and defendant knew at the time that the company was unable to pay its debts as they matured. An action was immediately commenced in said court by defendant on each of said notes, and, on September seventeenth, a judgment in each action was taken by default. In an action brought by plaintiff, who was subsequently appointed a receiver of said company, to set aside said judgments, *held*, that the transaction was not a violation of said statutory provision; and so, that the action was not maintainable. (BARTLETT, J., dissenting, so far as the judgments were concerned, which represented the indebtedness not due at the time of the transaction.)

*Throop* v. *Hatch Lithographic Co.* (125 N. Y. 530), distinguished.

Reported below, 81 Hun, 272.

(Argued March 13, 1895; decided April 9, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 20, 1894, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

SICKELS—VOL. C.     56

This action was brought to set aside and have declared illegal and void eleven judgments recovered by defendant against the James Vick, Seedsman, Company.

The facts, so far as material, are stated in the opinion.

*Joseph S. Hunn* for appellant.   The act of giving the notes and obtaining judgments and executions thereon was substantially and purposely an attempt to evade the statute prohibiting transfers by corporations.   (Laws of 1890, chap. 564, § 18; *Kingsley* v. *Bank*, 31 Hun, 329; *Throop* v. *H. L. Co.*, 125 N. Y. 534.)   The transaction was initiated and conducted by the active interference of an officer of the corporation. (*Varnum* v. *Hart*, 119 N. Y. 101.)

*William F. Cogswell* for respondent.   There was no transfer or assignment of the property within any fair meaning of these words.   (*Sands* v. *Hill*, 55 N. Y. 18.)   Nothing that was done by the treasurer of the corporation was in conflict with the statute as it stood at the time when these judgments were recovered.   By virtue of its general powers, the corporation had the right to do what it did, except as it was prohibited by statute.   (*Coats* v. *Donnell*, 95 N. Y. 168; 1 R. S. 603, tit. 4, § 4; Laws of 1890, chap. 564; Laws of 1892, chap. 688, § 48; *Varnum* v. *Hart*, 119 N. Y. 101.)

Peckham, J.   The plaintiff is the receiver of the James Vick, Seedsman, Company.   The defendant was a creditor of that company and the debt was due in March, 1891.   He was unable to obtain payment in cash, and he took notes, which, when due, were not paid in full, and renewal was made, and on the 10th of September, 1891, the defendant held notes to the amount of $7,000, not yet due, representing that amount of the indebtedness of the company due to the defendant in the March preceding.   The company also owed the defendant on that day over $3,000 on a current account then due.   The defendant on that day also loaned the company $500 to pay its employees.   Defendant at the same time gave up the old

notes and took eleven others of $1,000 each, except one which was $976.19, all being dated on the 1st of September, 1891, and payable on demand.

The treasurer of the company and the defendant on this 10th Sept. believed the company had assets more than sufficient to pay its debts, although such turned out subsequently not to be the fact, while each knew at that time that the company was not able to pay its debts as they matured, and that it. was in that sense insolvent.

These several notes of $1,000 each were thus given to defendant so that he might have suit commenced upon each of them forthwith in the Municipal Court of Rochester, in which a judgment could be obtained by default in six days, and which court had no jurisdiction to render judgment in any one action for the full amount of the indebtedness of the company to defendant. Accordingly suit was commenced and judgment by default obtained in each case, and this action is brought to have each of such judgments set aside as illegal and void because contrary to the provisions of section 48 of the Stock Corporation Act. (Laws of 1890, chap. 564, p. 1075.) That section reads as follows:

"No corporation which shall have refused to pay any of its notes or other obligations when due, in lawful money of the United States, nor any of its officers or directors, shall assign any of its property to any of its officers, directors or stockholders, directly or indirectly, for the payment of any debt; and no officer, director or stockholder thereof shall make any transfer or assignment of its property or any stock therein to any person in contemplation of its insolvency; and every such transfer or assignment to such officer, director or other person or in trust for them or for their benefit shall be void."

The defendant was neither a stockholder nor officer of the corporation and his liability to respond to the plaintiff in this action rests upon the last clause of the above-quoted section.

The meaning of this section was under investigation in this court in the late case of *Varnum* v. *Hart* (119 N. Y. 101). In that case one of the directors of the corporation upon whom

the summons and complaint of the creditor were served, acting in concert with the creditor, knowing the company to be insolvent and meaning to permit the creditor to obtain a preference in payment of his claims over other creditors, kept the fact of the service of the papers upon himself concealed from the other officers of the company, and a judgment by default was the result. We held the statute was not violated; that neither the creditor nor the director was under any statutory restraint and that there was no violation of the statute by the failure of the director to disclose the fact of the service of the papers on him whereby a debt really existing and honestly due obtained a preference. Neither the director who was served nor the other officers, if they had known of the service of papers, were bound to interpose a defense and whatever was done or authorized to be done or omitted, the fact remained there was no assignment or transfer of property, and hence no violation of the statute.

The fact was also alluded to in that case that where the legislature had undoubtedly intended to prevent a preference by the recovery of a judgment, that prohibition was inserted in terms in the statute, and that such was the case in regard to moneyed corporations (Laws of 1882, ch. 409, sec. 187, p. 655), and also in regard to limited partnerships (1 R. S. 766, sec. 20), and the National Bankrupt Act by its express language. We see no occasion to take back or explain our language in the *Varnum* case.

Merely permitting a creditor to obtain a judgment in the regular course of legal proceedings is not on the part of the officers of the corporation a transfer or assignment of the property of the corporation within the meaning of the statute quoted. And the conduct of the treasurer in giving notes which might be sued by the defendant in the Municipal Court, did not so far alter the facts as to call for a different decision from that made in the *Varnum* case.

The case of *Throop* v. *Hatch, etc., Co.* (125 N. Y. 530) was decided upon the first portion of the statute relative to the company or officer thereof assigning or transferring any

of its property, directly or indirectly, to any officer or stockholder of the company. We thought there was a difference in the two cases and that an officer of an insolvent company could not obtain an indirect transfer through means of an attachment of the property of the company. The statute has now been changed so that it is no longer permissible to suffer a judgment to be recovered against a corporation of this kind. (Laws of 1892, ch. 688, sec. 48, page 1838.) Remembering the fact that it is only by a statutory prohibition that a transfer of property in order to prefer an honest debt due from an insolvent corporation is made illegal (*Coats* v. *Donnell*, 94 N. Y. 168) and bearing in mind the difference between those statutes which in terms prohibit the company from suffering the recovery of a judgment and this one, we are unable to say the corporation violated the statute, and we must, therefore, affirm this judgment, with costs.

BARTLETT, J. (dissenting). If this insolvent corporation had only suffered the defendant to recover judgments against it on notes which were due, there would, doubtless, be no violation of the statute.

It was found, however, by the trial court that on the 10th of September, 1891, the defendant held four notes of the corporation aggregating $7,000, none of which was then due; that a balance of indebtedness, amounting to $3,976.19, remained in open account; that defendant had previously advanced to the corporation in cash $500; that upon the suggestion of the treasurer of the corporation, and with knowledge of its insolvency, the defendant surrendered the four undue notes and received for the indebtedness due and not due eleven notes due on demand, ten of one thousand dollars each and one for a less amount; that the notes were so made to enable the defendant to bring actions upon them in the Municipal Court of the city of Rochester at once; judgments were recovered on the notes and executions issued thereon September 17th, 1891, and the next day the corporation was placed in the hands of a receiver.

Under these peculiar circumstances, and in view of the active participation by the treasurer of the corporation in this transactión changing the legal *status*, it seems clear that the ‾result accomplished was a transfer of the property of the corporation by one of its officers, in contemplation of insolvency, to the defendant thereby securing to him a preference which the statute forbids.

I think the judgment should be modified so as to set aside .seven judgments representing the indebtedness that was not due of $7,000, and, as modified, affirmed, with costs to the plaintiff.

All concur, with Peckham, J., for affirmance, except Bartlett, J., who reads for modification of judgment, and Haight, J., not sitting.

Judgment affirmed.