In the Matter of the Dissolution of THE MUEHLFELD AND HAYNES PIANO COMPANY, an Insolvent Corporation.

JARED J. LOOSCHEN, Appellant, *v.* THE MUEHLFELD AND HAYNES PIANO COMPANY, Defendant; JOHN H. SPELLMAN, as Receiver of THE MUEHLFELD AND HAYNES PIANO COMPANY, Respondent.

*Insolvent corporation — a judgment recovered against it, after the filing of a petition for its voluntary dissolution and before the appointment of a receiver, is valid.*

Where a creditor of a corporation recovers judgment, issues an execution and levies upon its property, after a petition has been filed for its voluntary dissolution, but before the appointment of a receiver of its property in such proceedings, the creditor is entitled to hold the property levied upon as against the receiver, as the appointment of the latter relates back only to the date when his appointment was made, and not to the day upon which the petition was filed in the proceeding taken for the voluntary dissolution of the corporation.

Where a just debt exists against an insolvent corporation, against which an action is brought, the fact that the corporation fails to defend is not alone sufficient to justify the inference that the judgment was suffered with intent to give a preference, and a judgment so entered is not invalid under section 2430 of the Code of Civil Procedure.

APPEAL by the plaintiff, Jared J. Looschen, a judgment creditor of the Muehlfeld and Haynes Piano Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of October, 1896, vacating an order theretofore entered in said clerk's office, and directing the sheriff of the county of New York to deliver to the receiver of the Muehlfeld and Haynes Piano Company all of the property of said company, levied upon by him, under an execution in favor of the appellant.

*Harry L. Maxson,* for the appellant.

*John Delahunty,* for the receiver, respondent.

RUMSEY, J.:

On the 4th day of June, 1896, Jared L. Looschen, the appellant here, caused to be issued out of the City Court a two days' summons against the defendant, the Muehlfeld and Haynes Piano Company, to recover a certain debt due to him from said company. The sum-

mons was served; the defendant made default, and on the ninth of June judgment was entered by Looschen against the defendant for something over $1,800. The judgment was docketed on that day, and on the same day an execution was issued and received by the sheriff of the county of New York. Afterwards, and during the life of the execution, the sheriff made a levy upon property of the defendant under the execution, and took the property so levied upon into his possession. On the 5th day of June, 1896, a petition for the voluntary dissolution of the Muehlfeld and Haynes Piano Company was filed. On the 30th day of June, 1896, an order was entered appointing the respondent receiver, and he subsequently, but just at what date does not appear, duly qualified. Afterwards a motion was made by Looschen that the sheriff should sell the goods of the defendant corporation which he had taken into his possession by virtue of the execution. That motion was granted by default on the 8th day of September, 1896. Subsequently, upon papers excusing the default, the receiver moved to vacate that order, and that the sheriff should be restrained from selling the property and should deliver it to the receiver. That motion was heard and granted, and from the order granting it, this appeal is taken.

The property of the defendant corporation was bound by the execution from the time that it was delivered to the sheriff to be executed. (Code Civ. Proc. § 1405.) All that was necessary to complete the lien was that the sheriff should make an actual levy during the life of the execution. (*Hathaway* v. *Howell*, 54 N. Y. 97.) When that had been done, the lien of Looschen upon the property so taken was complete.

It is claimed on the part of the receiver that that lien was divested by the appointment of the receiver and the subsequent filing of his bond, because, as he says, that appointment, when finally completed, related back to the filing of the petition in proceedings for the voluntary dissolution, and this filing was prior to the delivery of the execution to the sheriff. But such is not the law. When a receiver has duly qualified his appointment takes effect to relate back to the date at which the appointment was made, and not to the date at which the petition was filed. (*Matter of Christian Jensen Company for Voluntary Dissolution*, 128 N. Y. 550; *Matter of Schuyler Steam Tow Boat Co.*, 136 id. 169.) This

rule is settled by a number of authorities, in addition to those which are above cited. The receiver, when he took the property, took it subject to any valid lien which existed upon it at that time, and such a lien could not be taken away.

The decision of Mr. Justice STOVER which is cited, to the effect that the appointment of the receiver related to the time of filing the petition, does not apply to this case. That decision was made upon the authority of section 2430 of the Code of Civil Procedure, which holds that a transfer of property of a corporation, made after the filing of a petition for a voluntary dissolution, is void as against the receiver. The transfer in question in the motion before Mr. Justice STOVER was made by the corporation by a general assignment, executed after the petition for voluntary dissolution was filed. His decision, therefore, that it was void under this section as against the receiver, was correct. But a judgment is not a sale or transfer pursuant to that section. Where a just debt exists against a corporation, upon which an action has been brought, the statute does not require the corporation to attempt to defend the action if it has no legal defense, and a judgment entered upon such an action is valid. (*French* v. *Andrews*, 145 N. Y. 441.) It is true that an insolvent corporation is forbidden to suffer a judgment against it with intent to give a preference to any creditor (Stock Corp. Law [Laws of 1892, chap. 688], § 48); but where the corporation merely fails to put in a defense to a just debt it is not to be inferred from that fact alone that the judgment was suffered with intent to give a preference, and the judgment thus entered is not invalid. (*Varnum* v. *Hart*, 119 N. Y. 101; *Milbank* v. *de Riesthal*, 82 Hun, 537.) Such a judgment does not come within section 2430 of the Code of Civil Procedure, and is not rendered invalid by any of the provisions of that section. The case is, therefore, not within the rule laid down by Mr. Justice STOVER. When it appeared that a valid levy had been made by the sheriff before the order appointing the receiver had been entered, there was no reason why the lien acquired by that levy should be postponed to the title of the receiver. The order of the court, therefore, which deprived Looschen of the lien which he had acquired, was not a proper one and should not have been made. But the protection of Looschen's rights does not require that this order should be entirely reversed. He is entitled to have the proceeds of

the property, upon which his execution was a lien, devoted to the payment of the expenses of the execution and of his debt. That should be done, however, in such a way as to protect, as far as may be, the rights of the other creditors of the corporation, and the property should be sold in such a way as to bring as large a price as possible so that their surplus may be kept up. It is more than probable that the property would bring a better price if it were sold by the receiver than if it were sold at a sheriff's sale. In either case there is no difficulty in protecting the rights which have been acquired under the execution. The order should be modified by providing that when the property delivered by the sheriff shall have been sold by the receiver, the proceeds thereof shall be set apart to be applied to the payment of the fees and expenses of the executions, and upon the several executions, in the order of priority, and that either plaintiff in the execution may have leave to apply for an order that the receiver sell the said property and distribute the proceeds in satisfaction of the liens. As thus modified, the order should be affirmed, without costs to either party in this court.

Van Brunt, P. J., Barrett, O'Brien and Ingraham, JJ., concurred.

Order modified as directed in opinion, and affirmed, as modified, without costs to either party.