### In re MUEHLFELD & HAYNES PIANO CO.

### LOOSCHEN v. MUEHLFELD & HAYNES PIANO CO.

(Supreme Court, Appellate Division, First Department. December 22, 1896.)

1. APPOINTMENT OF RECEIVER—EFFECT ON EXECUTION LIEN.
    The lien on property which a sheriff has taken under an execution against a corporation is not divested by the subsequent appointment of a receiver on a petition for the voluntary dissolution of the corporation, though the petition was filed before the entry of the judgment against the corporation.

2. CORPORATIONS—JUDGMENT BY DEFAULT—EFFECT AS AGAINST RECEIVER.
    A judgment by default against a corporation on a just debt is not within Code Civ. Proc. § 2430, providing that a transfer of property of a corporation made after the filing of a petition for voluntary dissolution of the corporation is void as against the receiver appointed in such proceedings.

Appeal from trial term, New York county.

Action by Jared J. Looschen against the Muehlfeld & Haynes Piano Company. Judgment by default was rendered for plaintiff, and execution thereon issued. From an order requiring the sheriff to deliver to the receiver appointed for said corporation the goods

levied upon under such execution, and vacating a prior order requiring the sheriff to sell said goods, plaintiff appeals. Modified and affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

H. L. Maxson, for appellant.

John Delahunty, for respondent, receiver.

RUMSEY, J. On the 4th day of June, 1896, Jared J. Looschen, the appellant here, caused to be issued out of the city court a two-days summons against the defendant, the Muehlfeld & Haynes Piano Company, to recover a certain debt due to him from said company. The summons was served. The defendant made default, and on the 9th of June judgment was entered by Looschen against the defendant, for something over $1,800. The judgment was docketed on that day, and on the same day an execution was issued, and received by the sheriff of the county of New York. Afterwards, and during the life of the execution, the sheriff made a levy upon property of the defendant under the execution, and took the property so levied upon into his possession. On the 5th day of June, 1896, a petition for the voluntary dissolution of the Muehlfeld & Haynes Piano Company was filed. On the 30th day of June, 1896, an order was entered appointing the respondent receiver, and he subsequently (but just at what date does not appear) duly qualified. Afterwards a motion was made by Looschen that the sheriff should sell the goods of the defendant corporation which he had taken into his possession by virtue of the execution. That motion was granted by default on the 8th day of September, 1896. Subsequently, upon papers excusing the default, the receiver moved to vacate that order, and that the sheriff should be restrained from selling the property, and should deliver it to the receiver. That motion was heard and granted, and from the order granting it this appeal is taken.

The property of the defendant corporation was bound by the execution from the time that it was delivered to the sheriff to be executed. Code Civ.Proc. § 1405. All that was necessary to complete the lien was that the sheriff should make an actual levy during the life of the execution. Hathaway v. Howell, 54 N. Y. 97. When that had been done, the lien of Looschen upon the property so taken was complete.

It is claimed on the part of the receiver that that lien was divested by the appointment of the receiver, and the subsequent filing of his bond, because, as he says, that appointment, when finally completed, related back to the filing of the petition in proceedings for the voluntary dissolution, and that this filing was prior to the delivery of the execution to the sheriff. But such is not the law. When a receiver has duly qualified, his appointment takes effect to relate back to the date at which the appointment was made, and not to the date at which the petition was filed. In re Christian Jensen Co., 128 N. Y. 550, 28 N. E. 665; In re Schuyler's Steam Towboat Co., 136 N. Y. 169, 32 N E. 623. This rule is settled by a number of authorities, in addition to those which are above cited. The receiver, when he took the

property, took it subject to any valid lien which existed upon it at that time, and such a lien could not be taken away.

The decision of Mr. Justice Stover which is cited, to the effect that the appointment of the receiver related to the time of filing the petition, does not apply to this case. That decision was made upon the authority of section 2430 of the Code of Civil Procedure, which holds that a transfer of property of the corporation, made after the filing of a petition for a voluntary dissolution, is void as against the receiver. The transfer in question in the motion before Mr. Justice Stover was made by the corporation by a general assignment, executed after the petition for voluntary dissolution was filed. His decision, therefore, that it was void under this section, as against the receiver, was correct. But a judgment is not a sale or transfer pursuant to that section. Where a just debt exists against a corporation, upon which an action has been brought, the statute does not require the corporation to attempt to defend the action if it has no legal defense, and a judgment entered upon such an action is valid. French v. Andrews, 145 N. Y. 441, 40 N. E. 214. It is true that an insolvent corporation is forbidden to suffer a judgment against it with intent to give a preference to any creditor (Stock Corp. Law [Laws 1892, c. 688], § 48); but, where the corporation merely fails to put in a defense to a just debt, it is not to be inferred from that fact alone that the judgment was suffered with intent to give a preference, and the judgment thus entered is not invalid. Varnum v. Hart 119 N. Y. 101, 23 N. E. 183; Milbank v. De Riesthal, 82 Hun, 537, 31 N. Y. Supp. 522. Such a judgment does not come within section 2430 of the Code of Civil Procedure, and is not rendered invalid by any of the provisions of that section. The case is, therefore, not within the rule laid down by Mr. Justice Stover. When it appeared that a valid levy had been made by the sheriff before the order appointing the receiver had been entered, there was no reason why the lien acquired by that levy should be postponed to the title of the receiver. The order of the court, therefore, which deprived Looschen of the lien which he had acquired, was not a proper one, and should not have been made. But the protection of Looschen's rights does not require that this order should be entirely reversed. He is entitled to have the proceeds of the property upon which his execution was a lien devoted to the payment of the expenses of the execution, and of his debt. That should be done, however, in such a way as to protect, as far as may be, the rights of the other creditors of the corporation, and the property should be sold in such a way as to bring as large a price as possible, so that their surplus may be kept up. It is more than probable that the property would bring a better price if it were sold by the receiver than if it were sold at a sheriff's sale. In either case there is no difficulty in protecting the rights which have been acquired under the execution.

The order should be modified by providing that, when the property delivered by the sheriff shall have been sold by the receiver, the proceeds thereof shall be set apart, to be applied to the payment of the fees and expenses of the executions, and upon the several executions in the order of priority; and that either plaintiff in the execu-

tion may have leave to apply for an order that the receiver sell the said property, and distribute the proceeds in satisfaction of the liens. As thus modified, the order should be affirmed, without costs. to either party in this court. All concur.