(16 App. Div. 401.)

In re MUEHLFELD et al.

BOOTHE v. SPELLMAN.

(Supreme Court, Appellate Division, First Department.   April 23, 1897.)

RECEIVERS—MOTION TO DETERMINE RIGHT TO PROPERTY.
    A receiver of a corporation cannot, by motion, compel its assignee for bene-
fit of creditors to surrender the property of the corporation where the as-
signment was made before the receiver was appointed, and the assignee
was not a party to that proceeding.   O'Brien, J., dissenting.

Appeal from special term, New York county.

Application by Frank Muehlfeld and Jack Haynes, a majority
of the directors of the Muehlfeld & Haynes Piano Company, for a
voluntary dissolution of said company.   From an order directing
William F. Boothe, assignee for the benefit of creditors, and his
attorneys, to deliver to John H. Spellman, receiver, all the books and
papers belonging to said company in their possession, said Boothe ap-
peals.   Reversed.

The facts are stated by Mr. Justice O'BRIEN as follows:

In the month of June, 1896 (on exactly what day in that month does not
appear), a petition was presented by a majority of the directors of the cor-
poration for a voluntary dissolution.   Subsequent to the filing of such petition,
and on the 9th of June, 1896, the corporation made a general assignment for
the benefit of creditors to the appellant.   On the same day the assignee took
possession of all the books, papers, and property, of every kind and descrip-
tion, belonging to the company, and has continued in the actual possession
thereof down to the present time.   On the 30th of June, 1896, which was
subsequent to the making of the general assignment, an order was entered
in this proceeding appointing the respondent temporary receiver of the cor-
poration; and he thereupon qualified and demanded of the appellant and his
attorneys the delivery of the books of the corporation.   This demand was
refused upon the ground that the appellant was entitled to the possession of
such books as assignee of the corporation.   Thereupon the respondent made
a motion to compel the appellant and his attorneys to summarily deliver such
books to the respondent.   Upon the hearing of that motion, the order now
appealed from was entered.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,
O'BRIEN, and INGRAHAM, JJ.

Edmund Luis Mooney, for appellant.
J. Delahunty, for respondent.

RUMSEY, J.   On the 20th day of June, 1896, John H. Spellman
was, by an order of this court, appointed temporary receiver of
the Muehlfeld & Haynes Piano Company, in proceedings which had
before that time been taken for a voluntary dissolution of the cor-
poration.   He forthwith executed his bond and qualified as such
receiver.   Precisely when the proceedings for the voluntary dis-
solution of the corporation had been begun does not appear in the
papers, but it is fair to assume that it was some considerable time
before the appointment of the receiver.   After the receiver had
qualified, he learned that on the 9th day of June, 1896, the Muehl-
feld & Haynes Piano Company had executed to William F. Boothe
a general assignment for the benefit of its creditors, which was

recorded in the office of the clerk of the county of New York on the 10th of June, 1896; and that on the same day the assignee took possession of all the property and assets of the corporation, claiming to be the owner of them under the general assignment. Such being the condition of affairs on the 2d of July, 1896, the receiver demanded of the attorneys for the assignee the books of account of the company, which they refused to deliver to him, upon the ground that they held the books for the assignee, who was entitled to the possession of them. Thereupon the receiver procured an order to show cause why the assignee and his attorneys should not be directed to deliver to the receiver the books of account and all books and papers of the company in their possession, and for other relief. When that motion came on to be heard, an order was made directing the attorneys and the assignee to deliver to the receiver, not only the books of account and all books and papers of the company, but all property of the company, of every kind, in the possession of either of them. From that order this appeal is taken.

We do not think it necessary upon the determination of this appeal to examine into or decide the merits of the case so far as to determine whether the order appointing the receiver took precedence of the general assignment. The case, as we look at it, is not now in a situation where that question can properly be determined. It appears that the general assignee was no party to the proceedings for the appointment of a receiver, and that, before the receiver was appointed, he had taken into his possession all the property of the company, claiming that he had become the owner of it by virtue of the general assignment which had been executed and recorded. The proceeding was therefore one, not simply to determine the right of possession of the property, the title to which was not disputed, but to decide as to the ultimate right to the property of the company between two persons each of whom presented a paper title. The serious question, therefore, was the question of property. The receiver sought in this summary way to take away from the assignee the property of which he claimed to be the owner. We do not think it can be done in this way. When one claims as receiver the right to property which is in possession of a third person, who claims for any reason the right to retain it as owner, the receiver should proceed by suit in the ordinary way, unless in some way the claimant to the property has been made a party to the proceedings in which the receiver was appointed, so that the court has jurisdiction of him in that action. Parker v. Browning, 8 Paige, 388, 391. The right of a person to a trial by jury in every case where his property is sought to be taken from him is well settled, and no one can be deprived of that right unless his situation with regard to the proceeding in which it is sought to take away his property is such that the court has in that proceeding or action acquired jurisdiction, not only of the subject-matter, but of his person. It has not been made to appear here that the court had any jurisdiction over Boothe as assignee, in the proceedings for voluntary dissolution. As to that proceeding he

was a stranger, and he stood in the same relation to the receiver appointed therein as any other stranger. For that reason we think that the court should not have granted this motion, but that it should have been denied, without prejudice to the right of the receiver to bring an action for the recovery of this property. Olmsted v. Railroad Co., 46 Hun, 552; People v. O'Brien, 111 N. Y. 62, 18 N. E. 692.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs.

VAN BRUNT, P. J., and BARRETT and INGRAHAM, JJ., concur.

O'BRIEN, J. (dissenting). It is settled that a corporation can make a valid general assignment; but whether, if made subsequent to the filing of a petition for the voluntary dissolution of the corporation, and before the appointment of the receiver, such assignment vests title to the property of the corporation in the assignee, has never been passed upon except incidentally in this same proceeding on another appeal (In re Muehlfeld & Haynes Piano Co. and Looschen v. Muehlfeld & Haynes Piano Co. [Sup.] 42 N. Y. Supp. 802), where, referring to the decision made herein by the court below, it was said:

"The decision of Mr. Justice Stover which is cited, to the effect that the appointment of the receiver related to the time of filing the petition, does not apply to this case. That decision was made upon the authority of section 2430 of the Code of Civil Procedure, which holds that a transfer of property of the corporation, made after the filing of a petition for a voluntary dissolution, is void as against the receiver. The transfer in question in the motion before Mr. Justice Stover was made by the corporation by a general assignment, executed after the petition for voluntary dissolution was filed. His decision, therefore, that it was void under this section, as against the receiver, was correct."

Although that question was not directly involved, it was fully considered; and, upon reconsideration, we hold it to be a correct statement of the law. This, however, leaves the other question presented as to the right of the court below, by summary order, to compel the assignee to deliver the assets of the corporation in his hands to the receiver. It has been held that the appointment of a receiver takes effect so as to relate back to the date at which the appointment was made, and not to the date at which the petition was filed. In re Christian Jensen Co., 128 N. Y. 550, 28 N. E. 665; In re Schuyler's Steam Towboat Co., 136 N. Y. 169, 32 N. E. 623.

In Re Schuyler's Steam Towboat Co. it was said:

"The appointment of a receiver is completed, at the furthest, by the filing and entering of the order appointing him, although before he proceeds to the discharge of his duties he may be directed to execute and file a proper bond. When that is done, he can take actual manual possession of the property, and his title relates back to the time of his appointment."

So regarded, the title of the receiver here to the books and property relates back to the 30th of June, 1896, when the order appointing him was entered. But the assignment was made 21 days

prior to that time, and the books and property now required to be delivered over were then taken possession of by the assignee.

It is conceded, however, that the assignment was subsequent to the filing of the petition. Assuming it to be void as against the receiver, and that in a proper action it would be so determined, the question remains whether the receiver should be remitted to his remedy by action, or this proceeding extended in such a way as to make the assignee a party thereto, so as to bind him; or whether, as was here done, the assignee can be directed by summary order to turn over the books and property to the receiver. In Parker v. Browning, 8 Paige, 388, it was held that if the property is in the possession of a third person, who claims the right to retain it, either the receiver must proceed by suit in the ordinary way to try his right to it, or the complainant must make such third person a party to the suit, and apply to have the receivership extended to the property in his hands; so that an order for the delivery of the property may be made which will be binding upon him, and which may be enforced by process of contempt if it is not obeyed. In Olmsted v. Railroad Co., 46 Hun, 552, the property of a corporation had been sold under foreclosure of a mortgage, and upon that sale all the books of the company of which possession was sought were delivered to the purchaser, who thereafter conveyed them to two other corporations, in whose possession they remained. A receiver subsequently appointed demanded delivery to him of all the property and books of the corporation, which was refused; and it was therein held that as the books passed under the sale to the purchaser, and were by him transferred to two new companies, and thereafter passed to a new consolidated company, and were then held by that company, which claimed to own them absolutely, it could not be deprived of the possession of the books by a summary order made in the action. The distinction to be made between that case and the one at bar is that there, long prior to the appointment of the receiver, the property and books had passed into the hands of a third party, who claimed title to them; while here, upon the filing of the petition, the court acquired jurisdiction over the proceeding and over the property of the corporation, which property was thus placed in the custody of the court. We do not think that the custody thus obtained could be disturbed, though it was subject to any liens or rights acquired as against it by creditors or others, which, if prior and superior to the rights of the receiver, could be enforced against such receiver. But we do not think that such custody could be affected by the illegal effort of the directors to wrest such property from the court by a general assignment, transfer, or judgment suffered, because these acts were expressly prohibited by statute.

We realize, however, that, by this process of reasoning, we are brought back again to the original question as to whether the disturbance of such custody, or the obtaining possession of the property of the corporation after the petition was filed, and before the order appointing the receiver, empowered the court, by a summary order, to take the property of the corporation from one who had

obtained possession of some or all of it, and who held it under a claim of title. It has been the practice, long sanctioned, to permit a receiver to apply for an order for the delivery to him of property of the corporation which has been wrongfully taken possession of by officers or others; and, if this can be done in such a way as not to impair the rights of third parties who have the property, it is a practice that should be continued, because it is essential for the proper preservation and expeditious final distribution of the assets of a corporation that they should be in the hands of a receiver. We do not think that by such an order the assignee is debarred from asserting his rights by action against the receiver. And, in the end, it narrows down to a question as to whether the possession should be allowed to remain in one who, upon a summary application, the court can conclude wrongfully has the property, leaving to him his right of action, or whether it should compel the receiver to begin an action, and secure the property only by obtaining a binding judgment. If required to sue therefor, this might in a given case involve a number of actions on his part to get possession of the property, assuming that portions of it were in various hands. Having in mind the fact that the receiver is the officer of the court, charged with the custody of the property, and holding it subject to the rights of all those interested in the corporation, it seems more advisable that he should be permitted to obtain the property by order, without prejudice, however, to any right of action which the third parties against whom the order was directed might have against such receiver.

While it may be true that the title of the receiver is to be fixed as of the date of his appointment, it cannot be assumed that the rights of third parties dealing with the property of the corporation are to be fixed as of such date, for the sections of the Code as to the effect of the filing of the petition make all acts seeking to wrest from the corporation its property void. The result thus sought to be accomplished was to prevent preferences, and to secure among creditors an equal distribution, which necessarily involved the idea that all the property which the corporation had at the date of filing the petition was placed beyond the power of the officers to deal with, and was to be held by the court until upon the qualification of the receiver it could be turned over to him. We think, therefore, a distinction must be made between property which has reached the hands of third parties prior to the filing of the petition in the voluntary proceeding and property which has been thus acquired subsequent thereto. In order to obtain property held by third parties under claim of title prior to the filing of such petition, we think the receiver must proceed by action. But as to property which, by the act of the officers of the corporation, or by any of the void acts mentioned in the Code, or by force, has been taken from the corporation subsequent to the filing of the petition, it is competent for the court from whose custody such property has been virtually taken to require in a summary way that it be restored; and, to that end, the receiver, after qualifying, in a proper case, of which the present is an in-

stance, can make a motion in the proceeding for an order directing such restoration.

I think the order was right, and should be affirmed, with $10 costs and disbursements.