## SPELLMAN v. LOOSCHEN.

(Supreme Court, Appellate Division, First Department. June 24, 1898.)

JUDGMENT—INSOLVENT CORPORATION—PREFERENCE.

Where an action is brought against an insolvent corporation upon a just debt already due, and to which there is no defense, the mere failure of an officer thereof to interpose an answer does not render the judgment entered therein invalid, under section 48 of the stock corporation law of 1892, as having been suffered with intent to give a preference.

Rumsey, J., dissenting.

Appeal from special term, New York county.

Action by John H. Spellman, as receiver of the Muehlfeld & Haynes Piano Company, against Jared J. Looschen. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, and INGRAHAM, JJ.

Herbert H. Walker, for appellant.

John Delahunty, for respondent.

INGRAHAM, J. The action was commenced to set aside a judg-ment obtained by the defendant against the Muehlfeld & Haynes Piano Company on June 9, 1894. The summons in the action in which this judgment was obtained was served on June 4, 1896, upon the president of the plaintiff corporation. No answer was interposed by the defendant, and judgment was taken by default. The plaintiff, as receiver of the judgment debtor, seeks to have this judgment de-clared void, under the provisions of section 48 of the stock corporation law of 1892, which provides that:

"No * * * judgment suffered, * * * by any officer, director or stock-holder, when the corporation is insolvent, or its insolvency is imminent, with intent of giving a preference to any particular creditor over other creditors of the corporation, shall be valid."

To make a judgment obtained against a corporation by a creditor invalid, under the provisions of this section, it must be shown that such a judgment was suffered by an officer, director, or stockholder of the corporation, with the intent of giving a preference to a particu-lar creditor over other creditors of the corporation. In case of a bona fide creditor, this statute evidently contemplates some affirma-tive action by an officer, director, or stockholder of a corporation, by which a creditor is allowed to obtain a judgment; and the act of such officer, director, or stockholder must be with the intent to give the judgment creditor a preference over the other creditors of the corpora-tion. It would be undoubtedly within the prohibition of this statute for the officers of a corporation to allow a creditor whose debt was not due to obtain a judgment which would be a preference, or to refuse to interpose a defense on behalf of the corporation when one existed, or to fail to protect the corporation against a judgment when such a protection was possible, and when it appeared that such action was within the intent mentioned. But as was said by Mr. Justice Rum-sey in Muehlfeld v. Piano Co., 12 App. Div. 492, 42 N. Y. Supp. 802:

"Where a just debt exists against a corporation, upon which an action has been brought, the statute does not require the corporation to attempt to de-fend the action if it has no legal defehse, and a judgment entered upon such an action is valid. It is true that an insolvent corporation is forbidden to suffer a judgment against it with intent to give a preference to any creditor; but, where the corporation merely fails to put in a defense to a just debt, it is not to be inferred from that fact alone that the judgment was suffered with intent to give a preference, and the judgment thus entered is not in-valid."

See, also, French v. Andrews, 145 N. Y. 441, 40 N. E. 214.

In Lopez v. Bank, 18 App. Div. 433, 46 N. Y. Supp. 91, the evidence disclosed "that a scheme existed to facilitate, as well as effectuate, a

desire on the part of the corporation favorable to giving preferences to Campbell on the indebtedness held by him against the corporation." In Varnum v. Hart, 119 N. Y. 101, 23 N. E. 183, it appeared that the director of the corporation upon whom the summons and complaint were served, acting in concert with the creditor, knowing the company to be insolvent, and meaning to permit the creditor to obtain a preference in payment of his claim over other creditors, kept the fact of the service of the papers upon himself concealed from the other officers of the company, and a judgment by default was granted. The court of appeals held that the statute was not violated; that neither the creditor nor the director was under any statutory restraint, and that there was no violation of the statute by the failure of the director to disclose the fact of the service of the papers on him, whereby a debt really existing and honestly due obtained a preference; that neither the director who was served, nor the other officers, if they had known of the service of papers, were bound to interpose a defense; and that, whatever was done or authorized to be done or omitted, the fact remained that there was no assignment or transfer of property, and hence no violation of the statute. And in the case of French v. Andrews, supra, it was held that the conduct of the treasurer in giving notes which split up the creditor's demand so that it might be sued by the creditor in the municipal court did not so far alter the facts as to call for a different decision from that made in the Varnum Case. In that case the officers of the corporation gave to the creditor notes which might be sued in a municipal court, which would enable him to obtain judgment in very much less time than if the notes had not been given, and that was held not to be void. Applying this principle to the case at bar, it would seem that there was no evidence here to show that the officers of this corporation suffered this judgment to be obtained, within the prohibition of the statute. The evidence is clear that the whole amount sued for was due. The defendant, who sold the goods, and the president of the corporation, who purchased them, testified that the goods, for the sale and delivery of which the plaintiff sought to recover as one of his causes of action, were sold for cash, or for customers' approved notes, to be delivered within a week. The sale was made on May 13th, and more than a week had passed before the action was commenced. There was not even a suspicion that that testimony was not true, as the mere fact that the defendant had sold goods to the corporation prior to this time upon a two or four months' credit would not affect this particular sale, which, by agreement between the parties, was for cash. The testimony is explicit that the defendant, being applied to by the president of the corporation for these goods, refused to sell them, and finally was induced to make the sale upon the express agreement for payment in cash. It being, therefore, an honest debt, for which the defendant had a right to sue, he was informed that another person had obtained a judgment against the company, and that the company was in trouble, and he commenced his action at once. Assuming that he also understood that proceedings were about to be instituted for a dissolution of the corporation, he was not bound to wait until such proceedings eventuated in the appointment of a receiver, and thus

lose his right to enforce his claim against the corporation.   Nor does
the fact that he employed as an attorney a gentleman who had hired
a part of the offices of the attorney for this corporation tend in any
way to show that the officers of this corporation were doing anything
to facilitate his obtaining the judgment.   He had a right to employ
this attorney to bring his suit.   He had a right to sue and obtain
judgment.   Neither of these officers could have verified an answer to
this claim without committing perjury, and all that the officers of this
company could have done to prevent a judgment from being obtained
would be to interpose an answer which, upon the evidence, would
have been false.   Certainly it was never contemplated that this stat-
ute would impose a duty upon the officers of the corporation of in-
terposing a false answer in an action brought against the corpora-
tion, which would subject the person verifying it to the penalty for
perjury.   The mere failure of an officer of a corporation to inter-
.pose such an answer would not be suffering a creditor to obtain a
judgment, with intent to give such creditor a preference.

We think, therefore, that there was no evidence to justify the court
in finding that the amount of $411, which constitutes one of the causes
of action, was not due at the time the action was commenced, or
that this corporation, of which the plaintiff was receiver, suffered a
judgment to be taken against it, within the meaning of section 48 of
the stock corporation law of 1892.   For this reason the judgment
should be reversed, and a new trial ordered, with costs to the appel-
lant to abide the event.   All concur, except RUMSEY, J., dissenting.