(24 Misc. Rep. 298.)

KOECHL v. LEIBINGER & OEHM BREWING CO.

(Supreme Court, Special Term, Queens County. July, 1898.)

CORPORATIONS—PREFERENCES—CREDITORS' SUIT.
Under Corporation Law, § 48, forbidding a transfer with intent to give a preference, a suit cannot be maintained by a judgment creditor for his own benefit to set aside a transfer by an insolvent corporation either to its officers or others, in the absence of fraud.

Suit by Victor Koechl against the Leibinger & Oehm Brewing Company. Judgment for defendant.

F. W. Hinrichs, for plaintiff.
Samuel Untermeyer and James W. Hyde, for defendant.

GAYNOR, J. This is a suit by a judgment creditor for his own benefit to set aside the general assignment of the defendant corporation, and also as an incident the transfers by it of eight of its second mortgage bonds, viz., four to Moesmer and four to Guggenheimer, Untermeyer & Marshall, as all constituting one scheme to defraud its creditors. I find that no such scheme existed. I find that each transfer of bonds was wholly disconnected from the general assignment, and that neither transfer nor the general assignment was made to defraud creditors.

I also find that neither transfer was made with that "intent of giving a preference" which is forbidden by section 48 of the corporation law. But I do not understand that a suit can be maintained by a judgment creditor for his own benefit to set aside a transfer in violation of the said provision of section 48. The learned appellate division did not say so when this case was there. 26 App. Div. 573, 50 N. Y. Supp. 568. Nor was it so said in Easton Nat. Bank v. Buffalo Chemical Works, 48 Hun, 557, 1 N. Y. Supp. 250. The judgments against the corporation there sought to be set aside in a judgment creditors' suit were not judgments suffered to give a preference. They were fraudulent, and thus offered a basis for such a suit, which is maintainable against a corporation the same as against individuals. Nor does Milbank v. De Riesthal, 82 Hun, 537, 31 N. Y. Supp. 522, furnish any countenance to such a suit, for that was a suit by a receiver of the corporation representing all of the creditors. The mere preferring of one creditor to another by payment or security is unlawful only in the case of stock corporations, and only for being made so by the said section 48. Such a preference may be set aside for the benefit of all of the creditors, but not merely to prefer one creditor to another. It would be strange indeed for the law to trouble itself to disturb and displace one creditor only to put another in his stead. Let alone this, those who have philosophically considered and written upon the subject tell us that there is no obligation in reason or morals why the state should help creditors at all.

The transfer of the bonds to Moesmer may have been contrary to another provision of the said section 48, however, for the reason that he was an officer of the company, and it was in a condition of refusal to pay obligations when such transfer was made. That makes a

prohibited case, and the intent to give a preference is not made material by the statute in respect of such a transfer or delivery to an officer of the company. But here again the plaintiff cannot maintain a suit for his own benefit. Moesmer can be made to surrender the bonds only for the benefit of all of the creditors. The assignee has a right to them by virtue of the assignment, and if he should put himself in the wrong by refusing to bring a suit to get them at the request of the plaintiff, the plaintiff could, under the familiar rule applicable to trustees in like case, maintain a suit for such purpose, making the trustee a party defendant. It would be strange to say that the assignee and the plaintiff both have a right of action to get them.

This suit therefore depends upon whether the general assignment be fraudulent and void, and, it being valid, the suit fails. Equity takes jurisdiction of judgment creditors' suits under the head of fraud, and that is not made out here. The essential finding is in respect of fraud.

Judgment for defendants.