### INDEMNITY INS. CO. OF NORTH AMERICA v. EMPIRE TUBE & STEEL CORPORATION.

(District Court, E. D. New York. October 26, 1923.)

1. **Election of remedies ⊕⇒3(1)—Motion for order to direct receiver to recognize lien held inconsistent with proceeding for equitable distribution of debtor's assets.**

   Where no levy was made, and executions were returned nulla bona, and thereafter assignee of judgments elected to proceed in equity to obtain an equitable distribution of judgment debtor's assets, its motion for an order directing receiver to recognize its lien because of the executions must be denied, as inconsistent with the proceeding in equity.

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Execution ⇐=109—Return of execution nulla bona makes judgment creditor general creditor.**

Where no levy is made under an execution, no lien is acquired by its issue, and its return nulla bona places judgment creditor in the same situation as that of the general creditors.

In Equity. Suit by the Indemnity Insurance Company of North America against the Empire Tube & Steel Corporation. On motion to direct receiver to recognize plaintiff's lien claim, and to pay such claim before claims of general creditors. Motion denied.

Hunt, Hill & Betts, of New York City, for plaintiff.

Louis Jersawitz, of New York City, for receiver.

W. Cleveland Runyon, of New York City, for petitioner.

Joseph A. Barrett, of New York City, for defendant.

GARVIN, District Judge. This is a motion by the plaintiff for an order directing the receiver to recognize the claim of plaintiff, amounting to $4,627.22, as a lien against the proceeds of the sale of the goods, chattels, and personal property of defendant, and to pay said claim from said proceeds before the claims of the general creditors.

[1] It appears that this action was brought by the plaintiff as the assignee of two judgments obtained by William C. Lang against the defendant company, upon which executions were issued to the sheriff of Queens county on October 17, 1922. No levy was made by the sheriff, when the executions were returned nulla bona. Shortly thereafter plaintiff filed this bill in equity, and procured the appointment of a receiver and an order enjoining all persons, including sheriffs and marshals, from disturbing the possession of the receiver. The bill was brought by plaintiff, on its own behalf and on behalf of all other creditors who might join in the prosecution of the action, for the purpose of procuring an equitable distribution of the assets of the defendant, and of preventing any creditor from levying execution upon defendant's property.

Plaintiff's action in bringing this suit was entirely inconsistent with any such attempt as is now made to assert that by reason of the executions referred to it had obtained any lien on defendant's property, as a result of which it may have its judgments paid before the proceeds of the property are distributed among the creditors. It has been held in American Woolen Co. v. Samuelsohn, 226 N. Y. 61, 123 N. E. 154:

"An election of remedies takes place when a choice is exercised between remedies which proceed upon irreconcilable claims of right. When an election is made between such claims, with full knowledge of all the facts, an action may not thereafter be maintained upon the inconsistent claim. Georgi v. Texas Co., 225 N. Y. 410; Mills v. Parkhurst, 126 N. Y. 89; Droege v. Ahrens & Ott Mfg. Co., 163 N. Y. 466."

That action by the plaintiff was wholly inconsistent with any such claim as it now asserts, and, having elected to have the affairs of the defendant administered in equity, it cannot claim now any preference.

[2] Furthermore, it is well settled that, inasmuch as no actual levy was made under the executions, no lien was acquired as a result of

their issuance, and their return by the sheriff nulla bona finally and definitely places the judgment creditor in the same situation as that of any other general creditor. Hathaway v. Howell, 54 N. Y. 97; Matter of Muehlfeld & Haynes P. Co., 12 App. Div. 492, 42 N. Y. Supp. 802.