a cause of action in equity, and failing in that he lost his case. I have been unable to find any case where there was exclusive jurisdiction in the equity court, in which the plaintiff, upon failing to prove his right to relief in equity, was still entitled to a judgment at law. In such cases the plaintiff was always required to proceed in the law courts to obtain the relief to which he was entitled. A claim precisely like the one made here was presented to the court of appeals in the case of Dudley v. Congregation, 138 N. Y. 451, 34 N. E. 281, and was held not to be tenable. The opinion of the court in that case, at pages 459, 460, 138 N. Y., and page 281, 34 N. E., sustains the conclusion I have here reached, upon the authority of Bradley v. Aldrich, supra. See, also, Hawes v. Dobbs, 137 N. Y. 465, 33 N. E. 560.

The court is requested to send this case to the circuit for trial, but I do not think that such a course would be proper. It was not done in the case of Bradley v. Aldrich, and I think that this case should have the same direction as was given to that one. The complaint must therefore be dismissed, but not upon the merits.

Argued before DWIGHT, P. J., and LEWIS, HAIGHT, and BRADLEY, JJ.

Wm. E. Morris and E. Hicks, for appellant.
Charles W. Kimball and Mr. Dwelle, for respondent.

PER CURIAM. Judgment appealed from affirmed, with costs, on opinion of RUMSEY, J., at special term.

---

(81 Hun, 272.)

### FRENCH v. ANDREWS.

(Supreme Court, General Term, Fifth Department. October 17, 1894.)

1. CORPORATIONS—INSOLVENCY—WHAT CONSTITUTES.
    Insolvency of a corporation, within Laws 1890, c. 564, forbidding any "transfer or assignment of its property * * * to any person in contemplation of its insolvency," is a general inability to pay obligations as they become due in the regular course of business.

2. SAME—PREFERENCES OF CREDITORS.
    In New York an insolvent corporation may so apply its assets as to prefer some creditors to others.

3. SAME—TRANSFER OF PROPERTY—JUDGMENTS.
    An insolvent corporation does not violate Laws 1890, c. 564, forbidding any transfer or assignment of its property in contemplation of insolvency, where it gives a creditor notes payable on demand in place of a note held by him, which was not then due, whereby he is enabled immediately to obtain judgments.

Appeal from special term, Erie county.

Action by Porter M. French, as receiver of James Vick, Seedsman, against Ezra R. Andrews. Judgment for defendant.

The opinion of Mr. Justice YEOMAN at special term is as follows:

Upon September 17, 1891, this defendant recovered judgments against James Vick, Seedsman, a business corporation of this city, located at Rochester. The same day the sheriff levied under executions issued upon these judgments upon the personal property of the corporation. Upon the next day this plaintiff was appointed receiver for the corporation. This action is brought to set aside these judgments. The plaintiff claims that they are void, by section 48 of the stock corporation law (Laws 1890, c. 564).

. The portion of this section upon which the plaintiff relies then read as follows: "No officer, director or stockholder thereof [of such corporation] shall make any transfer or assignment of its property or of any stock therein to any person in contemplation of its insolvency, and every such transfer or assignment to such officer, director or other person or in trust for them or for their benefit, shall be void." The following facts are claimed to bring this case within this statute: Upon the 10th day of September, 1891, this defendant held notes of the corporation amounting to $7,000, which were not yet due. The corporation was also owing him $3,967.19, which was due. Upon that day the treasurer of the corporation sent for the defendant, and informed him that the assets of the corporation were largely in excess of its liabilities, but that the corporation had no money, and would be unable to get money to meet its obligations, and would be compelled to go out of business. Both the treasurer and this defendant believed these statements to be true. The assets of the corporation were, in fact, then less than its liabilities. The treasurer then proposed that the defendant should advance $500 to pay laborers, and surrender these immature notes, and receive notes of the corporation payable on demand. To this defendant assented, paid the $500, gave up the notes, and received 10 notes of $1,000 each and 1 note of $976.19, each payable on demand. He then immediately proceeded to put them in 11 judgments in the municipal court of the city of Rochester, the maximum jurisdiction of which in such cases was $1,000. These are the judgments in question. The practical result of this transaction was that the defendant sued all its claims immediately in a court in which judgment could be rendered in six days.

This statute is substantially the same as the one for which it was substituted (1 Rev. St. p. 603, § 4). There are two things essential in order to make it operative,—there must be a transfer or assignment of property, and this must be done in contemplation of the insolvency of the corporation. "Insolvency" has been differently defined in different courts. By some it is said to be a condition in which the value of the assets is less than the amount of liabilities. By others it is said to be a general inability to pay obligations as they become due in the regular course of business. Many a business is at times insolvent according to the first of these uses of the word, although it is prosperous, and no one thinks for a moment that any necessity will arise for applying its property to the payment of its liabilities by process of law. There is no necessity for the law to interpose in behalf of its creditors so long as the corporation is able to meet its obligations promptly. The use of this word in the statute under consideration is the latter use. Brouwer v. Harbeck, 9 N. Y. 589; People v. Excelsior Gaslight Co., 3 How. Pr. (N. S.) 137. The statute is meant to apply when it becomes apparent to those assigning or transferring its property that the corporation is in the condition described in the latter of these definitions, so that the question confronts them, "How are the assets of the corporation to be used, not in carrying on its business, but in meeting its obligations?" That the corporation was insolvent according to this use of the word was known to both the treasurer and the defendant at the time the notes were given.

It follows, therefore, that, if what was done was a transfer or assignment of the property of the corporation, these judgments are void. The doctrine that the assets of an insolvent corporation are a trust fund for creditors, and that all should share ratably therein, is not the law of this state. In this state an insolvent corporation may, if not restrained by its charter or by statute, apply its assets to the payment of its creditors, so as to prefer some to others. Coats v. Donnell, 94 N. Y. 168. Equitable considerations, based upon the principle of equality among creditors in such a case, cannot therefore be invoked to supplement the statute under consideration. The statute must operate according to its provision, when construed in the light of the legislative intent. The act prohibited is "any transfer or assignment" of the corporate property, and, to make these judgments void, the acts of the treasurer must be a transfer or assignment of the property. Creditors of such corporations are not discouraged by the courts from obtaining such preferences as they may by diligence. Their right to do so, and the propriety of their doing so, are fully recognized. The attempt by this statute

was to limit the aid which the officers of a corporation might give to the same end. It is plain that this provision of the law was not intended to prohibit every act on the part of officers of such corporations which might enable, or tend to enable, a creditor to obtain a preference. The words are not apt words for such a purpose. They are quite limited in their application. Moneyed corporations were not subject (1 Rev. St. p. 605, § 11) to this provision of law to which business corporations were subjected. But other concurrent statutes (Id. p. 591, §§ 8, 9) provide a similar restriction as to them, and, in addition thereto, that in a like case "any payment made, judgment suffered, lien created, or security given" with intent to give a preference to a creditor, should be void. This must have been intended to restrict and control the action of such corporations to a greater extent, where preferences came in question, than business corporations were restrained or controlled under like circumstances. It is, however, equally plain that the restriction which was placed upon business corporations was, so far as it went, intended to restrict the giving of preferences by insolvent corporations. The question is, what is a "transfer" or "assignment," within the meaning of the act? In Kingsley v. Bank, 31 Hun, 329, it was held, where judgments were obtained against an insolvent corporation upon offers of judgment made by it to enable the creditor to obtain a preference, that the judgments and executions issued upon them were void. In this case the lien was acquired by the execution. There was no real estate upon which the judgment became a lien. The opinion of the court evidently regards the judgment and execution together as effecting a transfer of the property, and thus the corporation, by its offer of judgment, was a party to the transfer itself, and within the statute. In Varnum v. Hart, 119 N. Y. 101, 23 N. E. 183, Judge Earle makes a suggestion (page 107, 119 N. Y., and page 183, 23 N. E.) that the judgment is only a higher form of obligation, and does not, where there is no real estate, operate the transfer of any property; that it is the execution that does that as to personal property; and that, where the officers of a corporation have nothing to do with the execution, they do not act within the prohibition of the statute. When he made this suggestion, he was not ignorant of the decision in the Kingsley Case, for he refers to it in the same opinion. The Kingsley Case is not the controlling authority in the case at bar, for in this case the treasurer of the corporation took no part in any of the acts which in themselves were a transfer of the property of the corporation. It is perfectly plain that what the treasurer did was for the purpose of putting the defendant where he could sue at once, and thus obtain a preference. It is one thing to make a transfer of property, and quite a different thing to aid some other person to get into position where he may, at a more remote stage in the proceedings, compel a transfer of corporate property himself. If the debt had been due, a suggestion by the officer of the corporation as to the true state of affairs would have resulted in a judgment and a preference. The giving of several small notes for a debt due, so that actions can be brought in a court of limited jurisdictions, and judgments obtained sooner than otherwise, might aid a creditor in obtaining a preference. Many other ways might be suggested whereby officers of a corporation might be instrumental in a creditor's obtaining a preference, and yet not participate at all in the actual transfer or assignment of any of the property of the corporation. If their acts are to be held within the provision of the statute, then the statute means that the act shall be done on the part of the corporation enabling, or tending to enable, the creditor to obtain a preference. It needs no argument to show the falsity of such a result. "There is no meaning of the word 'transfer' which carries * * * any other idea than that of the bearing over of a right or title of property in a thing from one to another." Sands v. Hill, 55 N. Y. 22.

Where, then, is the line to which the statute reaches, but beyond which it does not go? The only one that it is practicable to establish is the one that the terms of the statute provides. The prohibited act must itself accomplish, or at least enter into, the actual transfer or assignment of the property. This view is sustained in the Varnum Case. In that case a creditor was enabled to obtain a preference by judgment and execution. This was accomplished by the officer of the corporation upon whom the execution was

served keeping, by agreement with the plaintiff, the fact of the pendency of the action from the knowledge of all others, including the other officers of the corporation. If this had not been done, the preference would have been prevented. In that case the preference was secured by the co-operation of the officer of the corporation, as much as it was in the action at bar. In the one case, the time in which to procure the judgment was shortened by the officer of the corporation; in the other, the interference of others interested to defeat the preference was prevented by the officer of the corporation. It follows that the judgments are valid.

Argued before DWIGHT, P. J., and LEWIS, HAIGHT, and BRADLEY, JJ.

J. S. Hunn, for appellant.

Theodore Bacon and W. B. Hale, for respondent.

PER CURIAM. Judgment appealed from affirmed, with costs, on the opinion of YEOMAN, J., at special term.

---

(81 Hun, 555.)

SHEFFIELD v. ROBINSON et al.

(Supreme Court, General Term, First Department. October 12, 1894.)

1. APPEALABLE ORDERS—DECISION ON DEMURRER.
    An order sustaining or overruling a demurrer is not appealable, but the appeal must be taken from the judgment.
2. ESTOPPEL TO DENY VALIDITY OF BOND.
    Where a bond given to discharge a mechanic's lien is treated as valid by all the parties, and the lien is discharged, the obligor cannot afterwards object, in an action on the bond, that the amount of the bond exceeded the jurisdiction of the court which accepted it.

Appeal from special term, New York county.

Action by Thomas Sheffield against Frederick Robinson and others. From an order overruling a demurrer interposed to new matter set up in the answer of defendant Murray, and from a judgment entered upon the order dismissing the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

M. E. Halpin, for appellant.

F. B. Troutman, for respondents.

VAN BRUNT, P. J. It has been repeatedly held in this court and in the court of appeals that an appeal from an order sustaining or overruling a demurrer is not permitted by the Code; the appeal must be from the judgment. Therefore, so much of the appeal as is from the order overruling the demurrer must be dismissed, with $10 costs.

The appeal from the judgment brings up the question as to whether the new matter contained in the answer was sufficient to constitute a defense to the cause of action set out in the complaint. It appears that one Thomas L. Sheffield, in February, 1889, filed a notice of a lien in the county clerk's office in the city and county of