(118 App. Div. 437.)

## PEOPLE v. TROY CHEMICAL CO.

(Supreme Court, Appellate Division, Third Department. March 13, 1907.)

1. CORPORATIONS—ACTIONS TO DISSOLVE.

It is no ground of objection to an action to dissolve a corporation, brought as authorized by Code Civ. Proc. § 1786, by the Attorney General, in the name of the people, on the verified application of a creditor, show-ing grounds under section 1785 for the action, that the creditor is inter-ested in another corporation of the same name; there being nothing to indicate that it was not brought by the Attorney General in the discharge of a public duty and in good faith.

2. SAME—GROUNDS OF DISSOLUTION—SUSPENDING BUSINESS.

The ground for dissolution of a corporation provided by Code Civ. Proc. § 1785, subd. 3, that it has suspended its ordinary and lawful business for at least a year, is shown by the answer admitting that, since the filing of the petition in bankruptcy against such corporation May 10, 1904, its business had not been conducted; the action for dissolution having been commenced February 13, 1906.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 2389.]

3. SAME—FAILURE TO PAY NOTES.

Discharge in bankruptcy of a corporation's note, so far as it was not paid by dividends of the bankrupt estate, does 'not save it from Code Civ. Proc. § 1785, subd. 2, declaring it a ground for dissolving a corporation that it has neglected or refused for a year to pay and· discharge its notes.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 2388.]

**4. SAME—DISCRETION OF COURT.**

Even if the court has some discretion as to dissolution under Code Civ. Proc. § 1785, providing that in either of the enumerated cases an action to procure a judgment dissolving a corporation may be maintained, it is not a proper exercise of the discretion, when a cause of action is clearly established, to refuse a judgment of dissolution.

### Appeal from Trial Term.

Action by the people against the Troy Chemical Company. From an adverse judgment, plaintiff appeals. Reversed, and new trial granted.

The action was begun by the Attorney General, in behalf of the people, to secure the dissolution of the defendant corporation under subdivisions 1, 2, and 3 of section 1785 of the Code of Civil Procedure. The grounds stated in the complaint upon which the dissolution was sought were that the defendant has remained insolvent for at least one year, that it has neglected and refused for at least one year to pay and discharge its notes, and that it has suspended its ordinary and lawful business for at least one year. In the answer, the allegations of defendant's insolvency and of its failure to pay its notes were denied. It was also alleged, as an excuse for its suspension of business, that proceedings for the voluntary dissolution of the defendant in the Supreme Court of the state were instituted, and also that proceedings in involuntary bankruptcy against it in the United States District Court had been taken and its assets seized. It was also alleged that its estate had been administered in these proceedings, and that a discharge in bankruptcy of the debts of the defendant had been had, and that the action was not instituted for public purposes.

The defendant was a domestic corporation organized in 1898, having its principal place of business at Troy. Among its assets were two formulas for medicinal preparations; one called "Pixine," and one called "Save the Horse." The trustee in bankruptcy of the defendant sold the "Pixine" formula, and the exclusive right to the use of the trade-mark therefor, to one M. Arthur Wheeler, who was a stockholder and vice president, of the defendant. All the other assets of the defendant, including the formula "Save the Horse," were sold by the trustee in bankruptcy to one Edgar G. McKaller. The latter, with his associates, formed a new corporation, with its principal office at Binghamton, under the same name as that of the defendant, viz., the Troy Chemical Company.

The action was tried by the court, which found, among others, the facts hereinafter stated. On March 14, 1904, a majority of the directors of the defendant instituted a proceeding for the voluntary dissolution of the defendant, because of its insolvency, pursuant to the provision of the Code of Civil Procedure. By the schedule attached to the petition in said proceeding, the total demands of the creditors of the defendant were stated to be $11,930.14, and the total value of all its property to be $7,892.83. A temporary receiver of the defendant was appointed in said proceeding, who qualified on March 10, 1904, and took possession of all the property of the defendant and continued the business until May, 1904. On that day three of the creditors of the defendant filed in the office of the clerk of the District Court of the United States for the Northern District of New York a petition in involuntary bankruptcy against the defendant. Such proceedings were had therein that on June 18, 1904, an adjudication was made adjudging the defendant to be bankrupt, and a trustee in bankruptcy of the estate of the defendant was appointed, who qualified by filing his bond on the 28th day of July, 1904, and all the property and assets of the defendant were turned over to him, and he continued the business for about four weeks from that time, and in doing so bought and sold property. On September 2, 1904, such trustee sold all the assets of the defendant except the cash and deposits in bank. Such assets, when reduced to money, amounted to $19,945.45. The debts and liabilities of the defendants, as ascertained in said bankruptcy proceedings, were $16,729.21. The expenses of said bankruptcy proceedings were such that after the payment thereof by the trustee the remaining assets were insufficient to meet the lia-

bilities; the deficiency being $1,600. An order was duly granted by the United States District Court on April 3, 1906, discharging the defendant from its debts. In the month of December, 1903, the defendant executed two promissory notes, aggregating $2,500 in amount, which became due and payable in the month of January, 1904. Said notes were transferred before maturity to the Union National Bank of Troy, which bank remained the owner and holder thereof at maturity, and until June 15, 1905, neither of which have been paid by the defendant. The court rendered judgment dismissing the complaint on the merits, and from that judgment this appeal is taken.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Julius M. Mayer and Hinman, Howard & Kattell, for the People. William M. Morrill, for respondent.

CHESTER, J. It is claimed by the defendant that McKaller caused this suit to be instituted to take the life of the defendant for the purpose of leaving his company, of the same name, the only one in existence, and that the action is not for a public, but for a private, purpose. A sufficient answer to this contention is that the action was instituted by the Attorney General, in the name of the people, under a provision of the Code of Civil Procedure authorizing him so to do. Code Civ. Proc. § 1786. It appears that the action was so begun by the Attorney General upon the verified application of McKaller, who was a creditor of the defendant, after a hearing thereon before a Deputy Attorney General, upon notice to the defendant, upon which hearing defendant appeared by its attorney, who conceded that the facts stated in the complaint were true. The Attorney General therefore was fully justified in commencing the action, and nothing appears to indicate that it was not brought in the discharge of a public duty and in entire good faith on his part.

It was admitted in the answer that, since the time of filing the said petition in bankruptcy (May 10, 1904), the business of the defendant had not been conducted. The action was commenced February 13, 1906, and the answer was dated April 20, 1906. This admission alone shows that the defendant had suspended its ordinary and lawful business for more than a year, which is one of the reasons assigned in the statute for which a judgment dissolving a corporation may be had.

Another ground for a judgment of dissolution is where a corporation has neglected or refused for at least one year to pay and discharge its notes or other evidences of debt. It is true that the notes held by the Union National Bank of Troy, so far as they have not been paid by dividends from the bankrupt estate, have been discharged in bankruptcy; but such a discharge is not a payment of the notes. Dusenbury v. Hoyt, 53 N. Y. 521, 13 Am. Rep. 543. The Legislature has seen fit to provide that a corporation must "pay and discharge" its obligations to save itself from being subjected to an action of this character. That it has not done, and it has allowed these notes to remain outstanding and unpaid for more than one year. The fact that it has received a discharge in bankruptcy cannot avail to save its corporate life, for the statute has decreed otherwise. Code Civ. Proc. § 1785, subd. 2.

We need not go into the question as to whether or not the learned trial court was correct in its conclusion that the defendant was not insolvent under the facts found, for the other two reasons are sufficient to require a reversal. The defendant, however, claims that the statute is simply permissive, and that the court may or may not, as it deems wise in the exercise of its discretion, award judgment dissolving a corporation, even though facts justifying its dissolution may be found. Even if it should be assumed that the court had some discretion in actions of this kind, it would evidently not be a proper exercise of it, when a cause of action is clearly established, for the court to prevent the law from taking its course and from being made effective. The plaintiff, having shown facts which under the law are clearly sufficient to sustain an action dissolving a corporation, should have been awarded a judgment for that purpose.

The judgment should be reversed on the law and on the facts, and a new trial granted, with costs to the appellant to abide the event. All concur; SMITH, P. J., and KELLOGG, J., in result.