## In re CHASE COMMISSARY CORPORATION.

District Court, S. D. New York.
April 18, 1935.

Allin, Tucker & Allen, of New York City (Joseph R. Shaughnessy, of New York City, of counsel), for Mordordic Realty Company, Inc.

Koenig, Bachner & Koenig and Louis Jersawit, all of New York City, for debtor.

PATTERSON, District Judge.

The debtor on March 11, 1935, filed petition for reorganization under section 77B of the Bankruptcy Act (11 USCA § 207). The petition was approved, stay against suits was granted, and the debtor was continued temporarily in possession of its property. The debtor operates a chain of restaurants. A plan of reorganization is in course of submission at the present time.

Mordordic Realty Company, Inc., applied for an order lifting the stay and permitting it to commence dispossess proceedings against the debtor. It owns premises under lease to the debtor. No part of the

rent for March and for April has been paid. The landlord's application was granted from the bench. The debtor moved for reargument. Its attorneys earnestly insist that the court should permit the debtor to remain in possession of the premises pending efforts at reorganization, on payment of a "reasonable" rent, and to that end the court should exercise the power granted it in subsection (c) (10), 11 USCA § 207 (c) (10), to stay suits against the debtor.

The purpose of Congress relative to leases held by a debtor seeking reorganization under the act is tolerably clear. The text of the act indicates that the intent is to make applicable the rules prevalent in equity receiverships. In subsection (a), 11 USCA § 207 (a), the court is given in such a proceeding all powers, not inconsistent with the act, that it would have if it had appointed a receiver in equity of the debtor's property because of its inability to pay debts as they matured. In subsection (b), it is provided that a plan of reorganization may involve the rejection of executory contracts of the debtor, including unexpired leases, and that in the event of rejection the lessor may prove damages up to a specified limit. By subsection (c), 11 USCA § 207 (c), the court in the course of administration and prior to confirming a plan may direct rejection of executory contracts, and under the head of executory contracts unexpired leases are presumably included. Minor modifications are necessarily implied, due to the fact that there is no receiver in proceedings under this statute and in many cases there is no court officer corresponding to a receiver. The fact remains, however, that in substance the rights of the lessor and of the debtor's estate in custody of the court are the same as where an insolvent's assets are in charge of a chancery receiver.

In an equity receivership the receiver does not become liable on existing leases merely by appointment or by temporary occupation. He may adopt a lease, in which case he becomes liable to pay rent and to perform other covenants of the lessee from the time of appointment. Or he may reject a lease; if he rejects there is no duty on his part thereafter to pay rent under the lease. It is also the rule that the receiver is given a breathing spell, for whatever time may be reasonable under the circumstances, to decide whether to adopt or to reject. For his occupation during such provisional period he must pay the lessor an equivalent. If he finally adopts, the rent for the temporary period is as fixed in the lease. If he rejects, there is a difference of opinion as to whether payment to the lessor for temporary use and occupation is to be at the rate fixed in the lease or merely at a reasonable rate. See Fleming v. Noble, 250 F. 733, 735 (C. C. A. 1). In this circuit the rejection is deemed to date back to the beginning of the receivership and the receiver's liability is viewed as one for the reasonable value of the use and occupation. But in the absence of convincing evidence to the contrary, such value will be fixed at the rent reserved in the lease. Johnson v. Emerson Phonograph Co., 296 F. 42 (C. C. A. 2); Westinghouse Electric & Mfg. Co. v. Brooklyn Rapid Transit Co., 6 F.(2d) 547 (C. C. A. 2); Oscar Heineman Corporation v. Nat Levy & Co., 6 F.(2d) 970, 43 A. L. R. 727 (C. C. A. 2). The authorities are collected in note 43 A. L. R. 734.

So it is with an estate in course of reorganization under section 77B, whether in custody of a trustee or of the debtor itself. The lease is an asset of the estate. The estate is not automatically liable for the rent stipulated in the lease. A reasonable period for adoption or rejection is allowed. If the lease be adopted, the estate is liable for the fixed rent without interruption. If rejected, then the estate is liable for the period of use and occupation on a reasonable basis, which is presumptively measured by the rent reserved in the lease.

In the present case there has thus far been no adoption and no rejection, although it would seem that sufficient time for a resolution on the point has elapsed. The lessor's application for leave to institute dispossess may be viewed as a proceeding to compel an election on the debtor's part. The estate must be charged with liability for at least the reasonable value of the use and occupation of the premises, and that value is found in this case to be the rent reserved in the lease. Justice will be done by entry of an order that the debtor within five days pay the lessor for use and occupation covering the period from commencement of the reorganization proceeding at the rate specified in the lease, that such sum is an expense of administration and a charge against the assets of the estate, that in default of such payment the debtor vacate the premises without further

order of the court, and that the debtor promptly bring before the court the matter of adoption or rejection of the lease.