## In re CHASE COMMISSARY CORPORATION.

District Court, S. D. New York.
April 19, 1935.

Joseph G. Abramson, of New York City, for 2361 Broadway Corporation.

Koenig, Bachner & Koenig and Louis Jersawit, all of New York City, for debtor.

PATTERSON, District Judge.

2361 Broadway Corporation has applied for leave to proceed with dispossess proceedings against the debtor and others. The Broadway Corporation owns premises on which the debtor conducts a restaurant, but the debtor is not the lessee. The lease, which has many years to run and calls for an annual rent of some $50,000, is to Forty-Second Street Restaurant Corporation, which evidently assigned to Bowee Holding Corporation, and the debtor is in possession under some sort of sublease or license from the Bowee Corporation. No rent for March or for April has been paid to the lessor.

The lessor is entitled to the relief asked for. The case is not like that presented by the application of Madordic Realty Company. (D.C.) 11 F.Supp. 288. Here the debtor is not the lessee, but is a mere sublessee or licensee. There is no privity between it and the lessor. The lessee being in default under the basic lease, the lessor is entitled to dispossess the lessee and those who hold under it. So far as concerns the lessor's rights, it is immaterial whether the debtor in reorganization adopts or rejects its contract with the Bowee Corporation.

Where a debtor with an unexpired lease goes into reorganization under section 77B, Bankr.Act, 11 U.S.C.A. § 207, the lease is an asset, potential at least, of the estate. It may be adopted or it may be rejected. Possession of the premises for a limited period is permissible, to enable those interested in the estate to make a deliberate choice. In case of rejection the lessor may at least get damages within the limits permitted by subsection (b), 11 U.S.C.A. § 207 (b). But where the debtor has only a sublease or license, and there is a default under the lease itself, the situation is different. The lease is not an asset of the estate. The lessor has no claim against the debtor's estate. His only chance, apart possibly from a derivative claim for actual use and occupation, is to recover his property.

The stay will be lifted, and the applicant may proceed with dispossess proceedings. This is without prejudice to a claim against the debtor's estate for the reasonable value of the use and occupation during the pendency of this proceeding.