J. & I. BLOCK, INC., et al., Plaintiffs, *v.* HI-LO CORPORATION, Defendant.

Supreme Court, Special Term, New York County, May 26, 1944.

*Maurice Knapp* for plaintiffs.

*Albert P. Singman* and *Jacob Neumark* for defendant.

McLAUGHLIN, J. This is an action brought to dissolve the defendant corporation for the reason that it has suspended its ordinary and lawful business for at least one year (General Corporation Law, § 71, subd. 3). Plaintiffs requested the Attorney-General to bring such action, and after he failed to do so within sixty days, they obtained (on November 10, 1942) an order of the court granting leave to commence this action pursuant to section 72 of the General Corporation Law.

The evidence adduced at the trial established that the corporation has for more than a year suspended its ordinary and lawful business and that such suspension was caused solely by its inability to secure the materials essential to the manufacture of its products (collapsible ash trays). This was due to the

order of the War Production Board freezing the use of such materials.

The problem is thus presented of determining whether the statute is merely permissive, allowing the court to refuse judgment of dissolution if it deems wise in the exercise of its discretion, or mandatory, requiring the granting of such judgment if facts justifying dissolution are satisfactorily established.

While the language of the statute is not mandatory, stating that " an action to procure a judgment dissolving a corporation * * * may be maintained in the following cases ", (§ 71) there is authority to the effect that the court should grant judgment if facts are shown which are clearly sufficient to sustain an action dissolving a corporation. In *People* v. *Troy Chemical Co.* (118 App. Div. 437, 441) it is stated: " Even if it should be assumed that the court had some discretion in actions of this kind, it would evidently not be a proper exercise of it, when a cause of action is clearly established, for the court to prevent the law from taking its course and from being made effective." (See, also, *Matter of The Jackson Marine Insurance Company,* 4 Sandf. Ch. 559; Fletcher's Cyclopedia Corporations [Permanent ed.] Vol. 16, § 8069.)

However, where, as here, (1) the officers of a corporation demonstrate that they are eager to proceed with its ordinary business and are prevented from doing so by the exigencies of war, which require (as decreed by the War Production Board) that materials such as the corporation needs be not available for the manufacture of nonessential articles such as the corporate products, and (2) the corporation is solvent, possessing liquid assets and under no expense while awaiting the lifting of the ban upon the materials, the court is of the opinion that judgment of dissolution should be refused.

It seems quite likely that many other corporations are in a similar position of involuntary suspension of ordinary business due solely to war necessity. As a matter of public policy they should be protected from the danger of losing their corporate existence simply because of that. In Fletcher (§ 8035, *supra*) it is stated: " Corporations should not be destroyed without abundant reason, and the power of forfeiting their charters and depriving them of their corporate life should not be lightly exercised ".

In the absence of mandatory language in the statute, the court interprets the legislative intent as sanctioning the denial of dissolution under the circumstances here presented.

Judgment for the defendant. Settle decision and judgment.